# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

IN RE:                               )       **Case No.  14-83847**
                                     )       Chapter 7
FIONA CHEN                           )
                Debtor               )
_____

**To:** Fiona Chen
    11840 Covey Lane
    Huntley, IL 60142

    Trustee Bernard Natalee
    Suite 401, Edgebrook Office Ctr.
    1639 N. Alpine Rd.
    Rockford, IL 61107

    U.S. Trustee Patrick Layng
    Suite 304
    780 Regent St.
    Madison, WI 53715

### NOTICE OF MOTION

    PLEASE TAKE NOTICE that on July 19, 2017 at 9:30 a.m., I shall appear before the Honorable Judge Lynch, United States Bankruptcy Judge, in Courtroom 3100, 327 S. Church St., Rockford, IL and present:  **MOTION TO VACATE DISCHARGE**, which is hereby served upon you.

            By___/s/ John Xydakis_____
                Attorney for Edward Shrock

### CERTIFICATE OF SERVICE

    I, John Xydakis, hereby certify that a true and correct copy of this Notice of Motion and Motion was served on the Service List above by filing it with the United States Bankruptcy Court's CM/ECF system on July 11, 2017 or by depositing in in the U.S. mailing on July 11, 2017 with all necessary postage fully prepaid.

            By___/s/ John Xydakis_____
                Attorney for Edward Shrock

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

IN RE:                              )    **Case No.  14-83847**
                                    )    Chapter 7
FIONA CHEN                          )
                 Debtor             )
                                    )

## MOTION TO VACATE DISCHARGE

NOW COMES John Xydakis, and moving this Honorable Court to vacate the discharge

of Debtor Fiona Chen and for other relief, states as follows:

      1.      On December 6, 2012, debtor Fiona Chen filed an "Expert Service Lien" in her

name for $390,180. Exhibit A.  Chen was paid $11,000 to provide expert services to an attorney

(Xydakis). Exhibit B.  Chen was fired when she could not complete the job.

      2.      Chen filed for Chapter 7 on December 31, 2014. Doc. 1.  Chen listed her EEOC

Complaint as her only contingent claim. Doc.1:10.  The Trustee claimed it was a no asset case

and Chen was granted a discharge on May 31, 2015. Doc. 19.

      3.      Yet, two months ago, Chen filed a State court complaint claiming she was owed

$390,180 based on this "Expert Services Lien." Exhibit C.  Chen's discharge should be revoked

and Chen should be judicially estopped from pursuing this claim as she failed to disclose this

contingent claim on her bankruptcy schedules.

      4.      Any cause of action that a debtor possesses at the time she filed for bankruptcy is

included in the bankruptcy estate." *Tilley v. Anixter*, 332 B.R. 501, 507 (Dist.Ct. Conn. 2005).

Bankruptcy schedules mandate disclosure of all "contingent and unliquidated claims of every

nature." *Cannon-Stokes v. Potter*, 453 F.2d 446, 447 (7th Cir. 2006).  This leaves "no room for

quibbles." *Id.* A debtor who failed to disclose "an asset including a chose in action or other legal claim, cannot realize on that concealed assets after the bankruptcy ends." *Id.* at 448.

5.      Subjective intent "does not matter." *Becker v. Verizon*, 2007 WL 1224039, *1 (C.D. Ill. 2007). Debtors are "imposed with a paramount duty to carefully consider all questions included in the Schedules and Statement and see that each is answered accurately and completely." *In re Kasal*, 217 B.R. 727, 734 (Bankr. E.D. Penn. 1998).

6.      Chen may claim she disclosed this as a disputed invoice for a consulting company she owned with assets of $500, a net loss of $272,000, and a disputed invoice of $390,180. Doc. 1:10. Chen claimed the business was worth $0. Doc. 1:10.

7.      However, a "debtor's claim against third parties for damages" is "a separate asset from the debtor's ownership of his partnership [or corporation] interest." *In re Suplinskas*, 252 B.R. 293, 296 (D. Conn. 2000).

8.      Moreover, Chen entered into the contact in an individual capacity. Exhibit B, Chen's "expert lien" for herself as well. Exhibit A. The check to Chen for $11,000 was made out to Chen personally, and cashed. Exhibit D.

9.      Also, Chen, an accountant, mischaracterized this as a disputed invoice, rather than the more accurate "disputed accounts receivable." Debtors cannot take advantage of a play on words. *Port Auth. v. Harstad*, 531 N.W.2d 496, 500 (Minn.App.Ct. 1995)(debtors judicially estopped from claiming agreement was a 'mortgage" when in bankruptcy, they claimed it was a 'lease.')

10.     Chen's discharge should be revoked. A "false statement or omission made by debtor on his Schedules or Statement constitutes a false oath or statement under §727(a)(4)(A) which may give rise to denial of a debtor's discharge." *Kasal* at 734.

11.     In addition, Chen should be judicially estopped from pursuing this claim.

"Judicial estoppel is particularly appropriate .. [when] a party fails to disclose an asset to a

bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."

*Jethroe v. Omnova*, 412 F.3d 598, 600 (5th Cir. 2005).

12.     Finally, Chen also gave roughly $20,000 to a person whom she wanted to

befriend before she filed bankruptcy that she also failed to disclose on her bankruptcy schedules.


WHEREFORE, Plaintiffs request this Honorable Court vacate Chen's discharge, bar Chen

from pursuing the State court action, refer Chen to the U.S. Attorney's Office to see if

prosecution pursuant to 18 U.S.C. §152 is warranted, and for any further and equitable relief as

may be just.

Dated:  July 11, 2017


                                    Respectfully Submitted,
                                    John Xydakis



                                    By:___/s/ John Xydakis_____
                                         Attorney for Plaintiffs


                                    John Xydakis (ARDC No. 6258004)
                                    LAW OFFICE OF JOHN S. XYDAKIS
                                    30 N. Michigan Ave., Suite 402
                                    Chicago, IL 60602
                                    (312) 488-3497
                                    johnxlaw@gmail.com

## NOTICE OF FILING & CERTIFICATE OF SERVICE

The undersigned attorney certifies that on July 11, 2017, he caused this document to be filed

with the United States Bankruptcy Court for the Northern District of Illinois' CM/ECF filing

system and served it by either CM/ECF or by mail to those persons listed on the Service List

below on July 11, 2017.

By:___/s/ John Xydakis_____

## SERVICE LIST

### By Mail

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

### By CM/ECF

Trustee Bernard Natale
Suite 401, Edgebrook Office Ctr.
1639 N. Alpine Rd.
Rockford, IL 61107

U.S. Trustee Patrick Layng
Suite 304
780 Regent St.
Madison, WI 53715

# EXHIBIT A

Fiona Chen, MPA, Ph.D., CPA, ABV, CFF, CITP
Fiona Chen Consulting Company
275 Stonegate Road, Ste B
Algonquin, IL 60102

## NOTICE OF DR FIONA CHEN'S
## EXPERT SERVICE LIEN

### VIA U.S.P.S CERTIFIED MAIL (RESTRICTED DELIVERY) TO:

John S. Xydakis, Esq.,
Law Office of John S. Xydakis, P.C.,
7518 W. Washington Street, Ste. 200
Forest Park, Illinois 60130

Re: *SHROCK V. MEIER; Case No: 2009 L001455*

Dear Attorney Xydakis:

     **PLEASE TAKE NOTICE:** That I have here submit my Notice of Lien in the amount of $390,180.18 against you, JOHN S. XYDAKIS, and your office, Law Office of John S. Xydakis, P.C., and against any award you may receive, and against Edward Shrock and any award Edward Shrock may receive in the case of *Shrock v. Meier's case, Case No: 2009 L001455.* My Service Lien grew out of the services I rendered to you (Attorney John S. Xydakis and Edward Shrock) in the *Shrock v. Meier's case.* My Service Lien consists of the costs I personally incurred, out of pocket expenses and my hourly rates in the course of the services I rendered to you in *Shrock's* case.

     **YOU ARE FURTHER NOTIFIED** by virtue of my Notice of Service Lien, I claim to the extent of my interest herein set forth, which said lien, attaches to any verdict or judgment entered or to be entered, in such suit or to any money or property which may be recovered by Edward Shrock in *Shrock v. Meier's case,* and/or account of such claim which I may have against you and Edward Shrock and after the service of this notice.

     **YOUR ARE FURTHER NOTIFIED** to submit this Notice of Service Lien to Edward Shrock and all other attorneys, plaintiff or defendants', involved in the *Shrock v. Meier*'s case. By virtue of this Notice you agree and accept that all parties including EDWARD SHROCK and defendant's attorneys have been notified of my service lien.

     **YOUR ARE ALSO NOTIFIED** that if you are unable to forward my Notice of Service Lien to EDWARD SHROCK and defendant's attorneys, you are to contact me immediately in writing so that I can make arrangement to forward this Notice to Edward Shrock and defendant's attorneys.

Fiona Chen, MPA, Ph.D., CPA, ABV, CFF, CITP

Page 1 of 2

## **PROOF OF SERVICE**

Under the penalties of provided by law pursuant to the Illinois Code of Civil Procedure, 735 ILCS 5/109, the undersigned certifies that she/he caused a copy of this Notice of Dr. Fiona Chen Service Lien a to be served on Attorney John S. Xydakis by depositing a true copy thereof, in a sealed envelope, at the U.S mail facility located at Bolingbrook, Illinois before 5 p.m. with prepaid postage on

12 / 6 , 2012.

Owolabi Alaba

Owolabi Alaba, Esq.
LEADERS LAW CENTER
684 WEST BOUGHTON ROAD, #203
BOLINGBROOK, IL 60440
TEL: 630-759-5680
FIRM NO: 45796

# INVOICE

Fiona Chen, MPA, Ph.D., CPA, ABV, CFF, CITP
Fiona Chen Consulting Company
275 Stonegate Road, Ste B
Algonquin, IL 60102
847-854-4500
December 2, 2012

**For Unpaid Hours of Services Rendered and Out of Pocket Expenses in Shrock v. Meier**

TO:
John S. Xydakis
Law Office of John S. Xydakis, P.C.
7518 W. Madison St., Ste. 200
Forest Park, Illinois 60130

| TOTAL AMOUNT DUE | $ 390,180.18 |
|---|---|
| Past Due | |

Itemized Listing:

| Hours Unpaid | Hourly Rate | Total Amount |
|---|---|---|
| 1,110.00 | $ 350.00 | $ 388,500.00 |

| Mileages and Tolls for 9/17/12 | | at $.555 per mile | |
|---|---|---|---|
| 96 miles | | 0.555 | $ 53.28 |
| Tolls | $ 4.50 | | |

| Report Production and Delivery | | | | |
|---|---|---|---|---|
| Number of Pages per Report | copies | Total pages | Production cost per page | Duplication total |
| 1,653 | 7 | 11,571 | $ 0.10 | $ 1,157.10 |
| Binding/Delivery Cost | | | | |
| $ 465.30 | | | | |

| Interest accrual starting 1/1/2013 |
|---|
| 6% per year; compound monthly |

# Unpaid Hours Worked by Fiona Chen,Ph.D., CPA, ABV, CFF, CITP
## in Shrock v. Meier Case

Sunday, December 02, 2012

| Date | Task | Hours |
|------|------|-------|
| 6/1/2012 | Went to BSM to pick up signed IRS forms from Meier, Prepared for meeting and met with counsel on all documents printed out and concepts on wage, checks not issued and not paid and W-2 issues; received Meier doc files on electronic format from counsel | 7.0 |
| 6/2/2012 | Prepared for meeting and met with counsel to explain Meier's cost of goods sold and purchases liability acct transfers, and Suby loan payback, W-2 issue | 4.0 |
| 6/2/2012 | Sort out equity account adjustment on American Express/Union Bank adjustments on Source and Fund approach | 1.0 |
| 6/2/2012 | Partnership Basis principle rules citations and draft | 4.0 |
| 6/3/2012 | Phone calls with counsel for clarifying document questions, start drafting for 2nd draft of report, and clean up duplicate documents | 12.0 |
| 6/4/2012 | Work on equity accounts/balance sheet of 2006, 2007, 2008 | 4.0 |
| 6/4/2012 | Continue the 2nd draft and clean up the duplicate documents; calculation of Silvia Suby and David Suby's profit sharing amount based on agreements | 6.0 |
| 6/5/2012 | Update Meier personal expense table | 3.0 |
| 6/5/2012 | Receive, review and discuss Meier divorce documents with counsel | 1.0 |
| 6/5/2012 | IRS audit guides and literature, citation on partnership for capital account, basis, liabilities | 12.0 |
| 6/6/2012 | IRS Partnership Audit Guide research | 2.0 |
| 6/6/2012 | Literature, citation research for Partnership, LLC, LLC Agreement, Interest Disposition, Allocation, Taxation, Accounting for Partnership | 4.0 |
| 6/6/2012 | Law research on LLC Units | 4.0 |
| 6/7/2012 | Update personal expense table and reconcile all items across categories and bank statements for 2010 | 3.0 |
| 6/7/2012 | Use balance sheet approach to look for accounting records on other domain names | 3.0 |
| 6/7/2012 | Capital account, retained earning, and distribution 2008-2012 | 2.0 |
| 6/7/2012 | Review in Peachtree and Excel Meier loan items | 3.0 |
| 6/7/2012 | Study bonus to David Suby reclassified | 2.0 |
| 6/7/2012 | Work on equity accounts/balance sheet of 2008, 2009 | 1.0 |
| 6/8/2012 | Research attorney fees in Peachtree software, all years | 2.0 |

| Date | Task | Hours |
|---|---|---|
| 6/8/2012 | Using balance sheet approach to examine Meier loan related interests and principal, etc. | 6.0 |
| 6/9/2012 | Reconcile differences in cash account on balance sheet, for all years, Peachtree, Meier financial statements, and bank statements | 10.0 |
| 6/10/2012 | Use balance sheet approach to look for accounting records on BSM; verifying other domain names not in Peachtree | 8.0 |
| 6/11/2012 | Review Peachtree 2004 and 2005 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/11/2012 | Reviewed Smith Economics Group Report | 2.0 |
| 6/12/2012 | Peachtree Alan Meier related expenses reconcile to bank statements, all years | 4.0 |
| 6/12/2012 | Review Peachtree 2006, 2007 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/13/2012 | Use balance sheet approach to start examine all balance sheet accounts | 8.0 |
| 6/13/2012 | Update calculation and write up Meier's percentage plus exhibits | 4.0 |
| 6/14/2012 | Receive Meier doc from counsel, receive testing Websites receipts and invoices, and review doc | 3.0 |
| 6/14/2012 | Review public record on court case file and identify David Suby job performances | 6.0 |
| 6/15/2012 | Balance sheet approach on Advance by Member - Meier | 1.0 |
| 6/15/2012 | Silvia Suby loan and bonus checks tracing in Peachtree | 4.0 |
| 6/15/2012 | Adjustment on balance sheet of payable to Silvia Suby | 2.0 |
| 6/15/2012 | Use balance sheet approach for 2006 equity account adjustment | 2.0 |
| 6/17/2012 | Export to excel 2003 balance sheet and calculate and update the capital accounts | 4.0 |
| 6/17/2012 | Equity account adjustments for balance sheet approach, write report 2005 | 2.0 |
| 6/17/2012 | 2003 Capital Account | 2.0 |
| 6/17/2012 | Balance sheet approach on Other Assets account | 2.0 |
| 6/17/2012 | Received Meier additional document set from retaining counsel | 1.0 |
| 6/18/2012 | Balance sheet approach on 2009, 2010 Meier bonus check, Silvia Suby checks and accrued salaries account; Other Assets account; Other accrued liability account | 5.0 |
| 6/18/2012 | Using balance sheet approach to examine accounts in Peachtree for Meier personal expenses and Alan Meier and Salvador Suby outside services | 4.0 |
| 6/18/2012 | Update 2007 equity account adjustment | 2.0 |

| Date | Task | Hours |
|---|---|---|
| 6/18/2012 | Using balance sheet approach for 2010 and 2011 adjustments | 2.0 |
| 6/19/2012 | Equity account adjustments for balance sheet approach, write report | 12.0 |
| 6/22/2012 | Partnership law of Section 704 | 10.0 |
| 6/23/2012 | Reconcile and present Meier personal expenses years and amounts | 10.0 |
| 6/25/2012 | Review Peachtree 2005 Trade Accounts Payable all journal entries and relationship to cost of goods sold | 8.0 |
| 6/26/2012 | Summarize attorney fees; analyze real estate properties | 4.0 |
| 6/27/2012 | Discussed court cases with counsel | 1.0 |
| 6/27/2012 | Review Peachtree 2008, 2009 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/27/2012 | Prepared meeting note and meeting with counsel on how to draft request for credit card statements | 1.0 |
| 6/28/2012 | Work on outside service expense account for Alan Meier and Salvador Suby | 4.0 |
| 6/29/2012 | Met with retaining counsel in my office discussing and explaining documents, etc. | 4.0 |
| 6/30/2012 | Use balance sheet approach to examine trade account receivable all years | 12.0 |
| 7/2/2012 | Review in Peachtree and Excel 2010 and 2011 cash account | 8.0 |
| 7/3/2012 | Balance sheet approach all years | 11.0 |
| 7/4/2012 | Met with retaining counsel | 3.0 |
| 7/4/2012 | Silvia Suby and David Suby 2008-2011 Wages | 3.0 |
| 7/4/2012 | Literature and citation search on compensation v. dividend | 3.0 |
| 7/5/2012 | Review doc provided by counsel | 8.0 |
| 7/6/2012 | Review doc provided by counsel | 8.0 |
| 7/7/2012 | Review IRS transcript, review and reconcile tax returns | 3.0 |
| 7/7/2012 | Analyze loan and loan returns in Peachtree; update balance sheet approach; draft report | 6.0 |
| 7/8/2012 | Receive and review IRS documents from counsel | 3.0 |
| 7/8/2012 | Literature search and writing on Meier and Silvia Suby partnership | 7.0 |
| 7/10/2012 | Discussed with retaining counsel on brief from the opposing counsel; discussed on the issues of wages and economic investment opportunity loss | 2.0 |
| 7/11/2012 | Study wage issues from Peachtree, agreement, doc and prep for meeting with counsel | 10.0 |
| 7/11/2012 | Analyze salaries and bonuses from Peachtree 2011 | 7.0 |

| Date | Task | Hours |
|------|------|-------|
| 7/12/2012 | Outline report for key points; prep for meeting with counsel; illustratioins | 4.0 |
| 7/12/2012 | Met with retaining counsel | 5.0 |
| 7/12/2012 | Outline report key points including wages study outline; Prep for meeting with counsel | 3.0 |
| 7/13/2012 | First review of all American Express Statements 2006 to 2011 | 6.0 |
| 7/13/2012 | Search and review court cases on reasonable compensation to higher paid employees and owner employee | 6.0 |
| 7/14/2012 | Search and review court cases, literature, on criteria to decide reasonable compensation | 6.0 |
| 7/14/2012 | Analyze American Express Statements | 3.0 |
| 7/15/2012 | Wage study -- locate US Dept. of Labor Statistics Published in 2011 | 10.0 |
| 7/15/2012 | Analyze American Express Card Award Point Use | 3.0 |
| 7/16/2012 | Research and write on salary study law cases and criteria | 7.0 |
| 7/16/2012 | Travel to Chicago to identify the issue of Crain's report and purchase for wage study | 3.0 |
| 7/17/2012 | Research court cases on ordinary and necessary expenses, White v. Commissioner | 3.0 |
| 7/17/2012 | Research laws on personal expenses out of LLC | 1.0 |
| 7/17/2012 | Analyze American Express Award points to OnePass Miles Program | 1.0 |
| 7/17/2012 | Analyze court cases for wage study (Branson v. Commission); draft report | 2.0 |
| 7/17/2012 | Research and reference IRS Rev. Rul. And publications on compensation to owner employees, IRC Section 162(m), court cases on compensation of officer, minority shareholder, personal expenses, and partner and partnership transactions | 5.0 |
| 7/18/2012 | Literature search, reading, and write draft on partnership tax laws and accounting rules | 10.0 |
| 7/19/2012 | Literature reading, reading, and write draft on partnership tax laws and accounting rules | 10.0 |
| 7/20/2012 | Draft on partnership laws, literature, capital account maintenance | 10.0 |
| 7/20/2012 | Draft and upload questions for retaining counsel | 1.0 |
| 7/21/2012 | Review and draft literature and laws on partnership, partner's interest | 10.0 |
| 7/21/2012 | Capital account, LLC, "membership interest", 805 ILCS 180/LLC Act for exhibit and writing | 2.0 |
| 7/21/2012 | Draft on partnership laws, literature, capital account maintenance | 10.0 |

| Date | Task | Hours |
|---|---|---|
| 7/21/2012 | IL805 ILCD 1801, Chapter 25, Distribution reading, application on equity account | 2.0 |
| 7/22/2012 | Continue draft literature review on tax laws and accounting rules | 2.0 |
| 7/22/2012 | Review data of Diapers.com and literature search | 10.0 |
| 7/23/2012 | Review and write on McNally report | 5.0 |
| 7/23/2012 | Literature search for FASB, draft on accounting rules for independent entities | 4.0 |
| 7/24/2012 | Analyze Meier financials in the early years of BSM based on Meier divorce file | 4.0 |
| 7/24/2012 | Literature search for Fraud, tax court cases, IRM | 8.0 |
| 7/25/2012 | Review of court documents to write draft | 5.0 |
| 7/25/2012 | Review of text and literature to write on investment opportunity loss and business damages | 5.0 |
| 7/27/2012 | Reference on partnership anti-abuse rule | 4.0 |
| 7/27/2012 | Salary.com study of comparable jobs, job descriptions, and salary amounts | 3.0 |
| 7/27/2012 | Analyze court cases for wage study (Menard, Inc., Exacto Spring Corp.); literature review; work on compensation to officer case, draft report | 2.0 |
| 7/27/2012 | BLS terminologies; draft report | 3.0 |
| 7/27/2012 | Reference Journal of Accountancy articles on executive compensation | 1.0 |
| 7/28/2012 | Preparation for meeting with retaining counsel | 2.0 |
| 7/28/2012 | Write report on accounting rules on separate entities, etc. and FASB statements | 5.0 |
| 7/28/2012 | Met with retaining counsel | 3.0 |
| 7/29/2012 | Continued on partnership issue law and draft; reviewed deposition transcripts provided by counsel on 7/28 | 10.0 |
| 7/31/2012 | Update draft on income statement | 1.0 |
| 7/31/2012 | Search for Peachtree bonuses paid to all employees, 2008-2011 | 4.0 |
| 8/1/2012 | Sort out 2005 Executive Compensation | 3.0 |
| 8/1/2012 | Analyze and summarize bonuses paid to all employees, 2008 to 2011 | 12.0 |
| 8/2/2012 | Review and write on Meier's agreements, BSM OA, Silvia Suby agreements | 11.0 |
| 8/3/2012 | Met with retaining counsel in his office to discuss all topics and progress demonstration with illustrations; discuss on upload and download from Expert's website; travel back and forth | 5.0 |
| 8/3/2012 | Review and write on David Suby agreements, review and write on David Suby deposition | 8.0 |
| 8/3/2012 | Met with retaining counsel | 3.0 |

| Date | Task | Hours |
|---|---|---|
| 8/4/2012 | Review and write on Silvia Suby deposition in both court cases | 10.0 |
| 8/5/2012 | Draft salary adjustments for Meier, Silvia Suby, and David Suby criteria | 10.0 |
| 8/6/2012 | Review Shock and Alan Meier depositions and draft report | 12.0 |
| 8/7/2012 | Review Meier deposition and draft report | 12.0 |
| 8/8/2012 | Review Joseph Meier deposition and draft report | 4.0 |
| 8/8/2012 | Summarize Meier spending and income pattern in BSM early years | 8.0 |
| 8/8/2012 | Review David Suby deposition and study the relational database terminology issue | 1.0 |
| 8/9/2012 | Went to retaining counsel's office to discuss salary issues and review deposition exhibits for all other than Silvia Suby | 7.0 |
| 8/9/2012 | David Suby wage - Static v. Dynamic Relational Databases | 1.0 |
| 8/9/2012 | Study the relational database terminology issue; internet, website, and textbooks | 3.0 |
| 8/10/2012 | Went to retaining counsel's office and he was not there | 3.0 |
| 8/10/2012 | David Suby wage - Static v. Dynamic Relational Databases; writing | 8.0 |
| 8/10/2012 | Trace Meier bonus and reclassification | 4.0 |
| 8/10/2012 | Study the relational database issue, prepare exhibits, and write conclusion | 2.0 |
| 8/10/2012 | Sort out from Peachtree Meier 2006 Compensation | 4.0 |
| 8/10/2012 | Calculate and sort from Peachtree Silvia Suby and David Suby 2005, 6, 7 salaries and bonuses | 8.0 |
| 8/11/2012 | Prepare list of documents reviewed; worked on Fraud literature review and draft report on fraud and forensic accountant's responsibility | 8.0 |
| 8/11/2012 | Work on list of references and authorities used | 3.0 |
| 8/11/2012 | Continue to write on tax rules on partnerships | 5.0 |
| 8/11/2012 | Prepare document request for retaining counsel | 1.0 |
| 8/12/2012 | Met with retaining counsel | 2.0 |
| 8/12/2012 | Calculate, update and finalize 2006, 2007 balance sheet adjustments | 8.0 |
| 8/12/2012 | Update and finalize the table for Meier personal expenses 04-11 | 10.0 |
| 8/12/2012 | Draft report; work on summary paper of American express card award point used by Meier | 11.0 |
| 8/12/2012 | Update 2007, 2008 balance sheet adjustment calculation | 7.0 |
| 8/13/2012 | Finalize calculation of 2009, 2010, 2011 balance sheet adjustments | 4.0 |

| Date | Task | Hours |
|---|---|---|
| 8/13/2012 | Met with retaining counsel on PayPal, case progress, and plan to communicate | 3.0 |
| 8/13/2012 | Calculation of Equity Accounts Update, Calculate, and Formatting | 6.0 |
| 8/13/2012 | Went to meet with retaining counsel; updated 2010 and 2011 balance sheet adjustments; draft report | 7.0 |
| 8/13/2012 | Create the summary income statement adjustment table | 1.0 |
| 8/14/2012 | Analyze credit card accounts for years 2008 - 2011 | 10.0 |
| 8/14/2012 | Draft on Fraud issues and accountant's responsibilities | 10.0 |
| 8/17/2012 | Upload files and questions for retaining counsel | 2.0 |
| 8/17/2012 | Research IRS Rev Procedure 2002-22 | 2.0 |
| 8/19/2012 | Draft on Fraud issues and accountant's responsibilities | 10.0 |
| 8/19/2012 | Write on wage calculation and verification from Peachtree on Meier, Silvia Suby and David Suby | 10.0 |
| 8/19/2012 | Continue draft partnership, partner's interest, and equity account accounting | 4.0 |
| 8/21/2012 | Partnership audit guide research and reading | 3.0 |
| 8/25/2012 | IRC Section 704(b) Capital Account Revaluation | 3.0 |
| 8/26/2012 | Update and finalize Silvia Suby and David Suby 2007 salary payment tables; draft report | 4.0 |
| 8/27/2012 | Draft report on taxable income tax laws | 8.0 |
| 8/27/2012 | Research and write on partnership, managing member compensation issue | 8.0 |
| 8/27/2012 | Compose list of authorities and references relied on | 8.0 |
| 9/8/2012 | Write report and update on table of profit sharing percentage analysis | 8.0 |
| 9/11/2012 | Write compensation to officer sessions | 10.0 |
| 9/12/2012 | Communications with retaining counsel on his plan to retain Epstein and for us to cooperate with Epstein; went home to get computer for Xydakis | 8.0 |
| 9/16/2012 | Phone calls with Barry Epstein .15 on 9/13; .5 on 9/14; .5 on 9/15; .5 on 9/16 | 2.0 |
| 9/17/2012 | Meeting with Epstein and his staff on various laws and travel time | 9.0 |
| 9/18/2012 | Write on draft of compensation to officers | 10.0 |
| 9/19/2012 | Write up of wages and salary adjustments | 8.0 |
| 9/20/2012 | Write up of wages and salary adjustments | 8.0 |
| 9/20/2012 | Study Form 1065 and K-1s, Meier's double books | 10.0 |
| 9/21/2012 | Calculation of wages and salary adjustments | 9.0 |

| Date | Task | Hours |
|------|------|-------|
| 9/22/2012 | Creation and update of tables for wages and salary adjustments | 8.0 |
| 9/23/2012 | Review data of Diapers.com and literature search | 7.0 |
| 9/23/2012 | Court case research on fraud cases | 3.0 |
| 9/24/2012 | Work on Other Accrued Liability account and cash account on Alan Meier | 5.0 |
| 9/24/2012 | Draft report on accounting rules | 10.0 |
| 9/25/2012 | Literature search for Fraud, accounting publications | 10.0 |
| 9/26/2012 | Update internet search on Silvia Suby for exhibit | 3.0 |
| 9/26/2012 | Write up and summary wages and salary adjustment - Meier | 2.0 |
| 9/26/2012 | Write up Silvia Suby and Meier joint properties | 6.0 |
| 9/27/2012 | Write up report to explain calculation of Meier percentages and agreements and calculation | 9.0 |
| 9/29/2012 | Finalize report on Partnership | 8.0 |
| 9/30/2012 | IRC Section 267(a); Treas. Reg. 1.267(a)-2T, 1.267(b)-1 Related Party Transactions | 5.0 |
| 9/30/2012 | Transactions between partners and partnership IRC Section 707 | 4.0 |
| 9/30/2012 | US GAAP Codification Topic 450-20 Loss Contingency | 3.0 |
| 10/2/2012 | Finalize equity account adjustment for 2005, 2007 write report | 8.0 |
| 10/4/2012 | Calculate and consider investment opportunity loss | 7.0 |
| 10/5/2012 | Calculation on comparison to Diapers.com | 9.0 |
| 10/5/2012 | Pepsi-Cola Bottling case, wage issues, compensation to officer | 4.0 |
| 10/6/2012 | Write report; Meier compensation exhibits including deposition, 2007 salary table | 10.0 |
| 10/6/2012 | Robert Meier 2005 Compensation Table for Exhibit | 1.0 |
| 10/7/2012 | Verify prior study wage source: Watson Wyatt Data Services | 1.0 |
| 10/7/2012 | E-commerce sales trend and Elgin IL economy | 3.0 |
| 10/8/2012 | Write on comparison to Diapers.com | 10.0 |
| 10/9/2012 | Identify literature references for Fraud Articles and Diapers.com | 6.0 |
| 10/9/2012 | Finish writing conclusions | 10.0 |
| 10/10/2012 | Finalize Exhibits 82 | 10.0 |
| 10/11/2012 | Finalize Exhibits | 10.0 |
| 10/12/2012 | Finalize Exhibits | 10.0 |

| Date | Task | Hours |
|------|------|-------|
| 10/13/2012 | LLP S Corp Partnership Literature list check and search for reference and exhibits | 3.0 |
| 10/14/2012 | Preparation of exhibits on LLC, outside basis and capital account, IRC Section 704, 704(b), 752, economic loss, partnership distribution allocation tax law | 12.0 |
| 10/15/2012 | List of Exhibits verification and update | 5.0 |
| 10/15/2012 | List of Documents Reviewed creation and update | 5.0 |
| Total Hours | | 1,126.00 |

# EXHIBIT B

Fiona Chen, Ph.D., CPA
Fiona Chen Consulting Company
275 Stonegate Road, Ste B
Algonquin, IL 60102
847-854-4500

March 8, 2012

CONFIDENTIAL

Mr. John S. Xydakis
Law Office of John S. Xydakis
7518 W. Madison Street
Forest Park, IL 60130

For services rendered and to be rendered in the case of Edward Shrock v. Robert J. Meier, Case
No. 09 L 1455 ……………………………………………………………………..$11,000

# EXHIBIT C

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
CALENDAR: T
PAGE 1 of 20
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| FIONA CHEN CONSULTING CO. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. |
| | ) | |
| EDWARD SHROCK AND JOHN XYDAKIS | ) | |
| | ) | **Jury Demand** |
| Defendants. | ) | |

## **VERIFIED COMPLAINT**

Plaintiff Fiona Chen Consulting Company (herein "Plaintiff"), by its undersigned counsel, complains as follows against Defendants Edward Shrock and John Xydakis (herein "Defendants"), and states as follows:

## **PARTIES**

1.     At all relevant times, Plaintiff, Fiona Chen Consulting Company was a corporation organized under the laws of Illinois with its principal place of business at 275 Stonegate Road Ste. M, Algonquin, IL, 60102. Fiona Chen (herein "Dr. Chen") is the President and sole officer of Fiona Chen Consulting Company.

2.     Defendant John Xydakis, is an attorney licensed to practice law in the State of Illinois with his principal place of business at 30 North Michigan Avenue Suite 402, Chicago, Cook County, Illinois 60602.

3.     At all relevant times, Defendant Edward Shrock was an Illinois resident, on information and belief, residing at 1970 Castle Pines Circle Elgin, Kane County, Illinois 60123.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper in the State of Illinois because all parties are Illinois residents.

5.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101. Cook County is the county where Defendant Xydakis resides and where the relevant events, transactions, or some part thereof regarding this cause of action occurred.

## NATURE OF ACTION

6.     This is an action for breach of contract against Defendants for the non-payment of services previously rendered by Plaintiff pursuant to Plaintiff and Defendant Xydakis' contract. Defendant Xydakis entered into an oral contract with Plaintiff as an agent for Defendant Shrock.

7.     On or about January 10, 2012, Defendant Xydakis contacted Plaintiff and requested her services as an expert witness for his client Shrock's case, *Shrock v. Meier* 09L1455 ("the Case").

8.     Defendant Edward Shrock ("Shrock") was the plaintiff in the underlying case.

9.     Under Defendant Shrock's authority, Defendant Xydakis as his agent contracted with Plaintiff.

10.     On or about March 8, 2012, Plaintiff and Defendant Xydakis orally agreed (herein "the First Oral Agreement") that Plaintiff would: (1) examine financial documents which related to the Case; (2) give her opinion; and (3) prepare for and be present at an upcoming settlement conference. Plaintiff provided an estimate to Defendant Xydakis, for a total of 40 hours for its services at its hourly rate of $250 at that time, for a total charge to the Defendants of $20,000. Alternatively, if the full payment was made before any services were rendered, Plaintiff offered to give Defendants a discounted flat-rate of $10,000 and $1,000 for expenses.

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 2 of 20

2

11.    Defendant Xydakis paid the $11,000 flat-rate on or about March 8, 2012 to Plaintiff pursuant to the First Oral Agreement.

12.    On or about April 24, 2012, Defendants met Dr. Chen at Plaintiff's office, at this time Defendant Shrock acknowledged that Dr. Chen would provide valuable work for the Case and that she was compensated for her future services pursuant to the First Oral Agreement.

13.    From March of 2012 to May of 2012, Dr. Chen reviewed the Defendant's documents, submitted her opinion to Defendants, and prepared for the settlement conference. Defendant Xydakis submitted additional documents for Dr. Chen to review. On or about May 28, 2012, Defendant Xydakis demanded that Dr. Chen draft a report explaining her conclusions. Unaware of Defendant Xydakis May 31, 2012 deadline, Dr. Chen reviewed the additional documents, drafted a report, and performed additional work on the Case.

14.    On or about June 15, 2012, Defendant Xydakis as an agent for Defendant Shrock, met with Plaintiff and agreed to compensate Plaintiff for its continued and expanded services for the Case. Defendant Xydakis agreed to pay Plaintiff an additional $10,000 for its continued and expanded services in the Case (herein "the Second Oral Agreement"). Plaintiff agreed to the Second Oral Agreement provided that it was paid within three days of the agreement or in the alternative that it would charge its raised hourly rate. Plaintiff was not paid any monies pursuant to the Second Oral Agreement.

15.    After the First Oral Agreement, Plaintiff accumulated an additional 1,110 hours of work on the Case. Plaintiff was not compensated for these hours of additional work.

16.    Defendants willfully refused to pay Plaintiff for its services rendered under the Second Oral Agreement. Pursuant to the Second Oral Agreement, Defendants are obligated to

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 3 of 20

3

pay Plaintiff for its services it rendered. Defendants continue to willfully breach their duty to pay Plaintiff.

**FACTS**

17. Plaintiff is in the business of providing forensic accounting consulting services.

18. Defendant Xydakis is an attorney licensed to practice law in Illinois.

19. On or about March 8, 2012, Plaintiff entered into the First Oral Agreement with Defendant Xydakis with authority from and as an agent of Defendant Shrock.

20. Defendant Xydakis refused to sign Plaintiff's standard written contract. Instead, Defendant Xydakis insisted on an oral agreement.

21. Pursuant to the First Oral Agreement, Plaintiff agreed to provide the following services to Defendants Xydakis and Shrock: (1) review financial documents; (2) form an opinion on the case; and (3) prepare for and be present at an upcoming settlement conference. The First Oral Agreement did not include drafting a report or testifying at a trial or deposition.

22. Plaintiff provided an estimate to Defendant Xydakis, for a total of 40 hours for its services at its hourly rate of $250 at that time, for a total charge to the Defendants of $20,000. Alternatively, if the full payment was made before any services were rendered, Plaintiff offered to give Defendants a discounted flat-rate of $10,000 and $1,000 for expenses. Defendants agreed to the flat-rate discount and made an advance payment to Plaintiff for $11,000.

23. Pursuant to the First Oral Agreement, Dr. Chen analyzed financial documents relating to the Case, prepared for the settlement conference, and provided her opinions to Defendant Xydakis.

24. From March of 2012 to May of 2012, Defendant Xydakis continued to submit additional financial documents for Dr. Chen to review. Then, on or about May 28, 2012, after

4

Plaintiff fulfilled its obligations under the First Oral Agreement, Defendant Xydakis demanded that Plaintiff create an expert report. This report was due on or about May 31, 2012 but this deadline was not disclosed to Plaintiff.

25.     Plaintiff had not agreed to author a report under the First Oral Agreement and had no knowledge that Defendant Xydakis faced an upcoming deadline for the report. Nevertheless, Plaintiff continued analyzing the new documents it received from Defendant Xydakis and drafted an extensive report to meet Defendant Xydakis' deadline.

26.     On or about June 15, 2012, Defendant Xydakis offered to pay Plaintiff an additional $10,000 flat-fee within three days of the Second Oral Agreement or alternatively pay the Plaintiff for its continued work in the Case, at its altered hourly rate of $350. Plaintiff agreed to the flat-fee payment to be paid to it before the services were rendered or if the $10,000 payment was not made, it would charge its hourly rate for its services on the Case.

27.     On or about August 31, 2012, Defendant Xydakis claimed that he left a check for $2,500 on the front door of his office for Plaintiff. Upon arriving there, Dr. Chen was unable to locate the check. This same day Defendant Xydakis left a voicemail for Dr. Chen, informing her that he still had the check and he would either mail or hand deliver it to her. Dr. Chen never received these monies.

28.     On or about September 6, 2012, Plaintiff informed Defendant Xydakis that Plaintiff needed to be compensated at its hourly rate since the $10,000 payment was not made within three days of the Second Oral Agreement. On or about September 12, 2012, Defendant Xydakis consulted with other expert witnesses to replace Plaintiff as an expert in the Case.

29.     Then on or about September 18, 2012, Defendant Xydakis told Dr. Chen that she would be compensated for her continued services by the end of the month. But, Plaintiff was

5

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 5 of 20

required to continue its work on the Case, share its work-product with Defendants new expert, meet with, and inform the new expert about Plaintiff's reports. No payment was made from Defendants to Plaintiff at the end of September.

30. On or about October 9, 2012, Plaintiff completed a second report for the Case. Plaintiff sent the second report to the Defendants and the Defendants' new expert. On or about November 7, 2012, Defendant Xydakis informed Dr. Chen that it was likely she would have to testify at a deposition and at trial for some of the conclusions in the second report.

31. Defendants failed to pay Plaintiff for its continued services on the Case. Despite Defendants' failure for compensation, Plaintiff continued working on the Case because it wanted to protect the Case, had pressure of pending deadlines from Defendant Xydakis, and thought the Defendants new expert was inadequate for the Case.

32. Over the course of 2012, Plaintiff accrued 1,110 hours of work on the Case, totaling $390,180.18 in unpaid labor and expenses. Exhibit A.

33. Plaintiff never received any compensation for its services under the Second Oral Agreement.

## COUNT I—BREACH OF CONTRACT

34. Plaintiff re-alleges and incorporates paragraphs 1-33.

35. Plaintiff has fully performed pursuant to the terms and conditions of the Second Oral Agreement.

36. Defendants breached the Second Oral Agreement by not paying Plaintiff for its services within three days from the date of the agreement.

37. Defendants breached the Second Oral Agreement by not paying Plaintiff its hourly rate for its services.

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 6 of 20

6

38.     As a direct result of Defendants' breaches, Plaintiff was deprived of its payment in an amount to be proven at trial of at least $390,180.19. Exhibit A.

39.     Defendants' failure and recurring refusal to pay Plaintiff after receiving multiple payment requests from Plaintiff is vexatious and unreasonable.

WHEREFORE, Plaintiff prays for the following relief:

A.      Entry of judgment in favor of Plaintiff against Defendants in the amount of its actual damage of $390,180.19;

B.      Pre-Judgment interest pursuant to 815 ILCS 205/2.

C.      For other such relief this Court deems fair and just.

## COUNT II—IN THE ALTERNATIVE, QUANTUM MERUIT

40.     Plaintiff re-alleges paragraphs 1-5, 7-13, and 15-33.

41.     In the event that the Court finds that Plaintiff and Defendants' Second Oral Agreement does not constitute a binding contract, Plaintiff, in the alternative, pleads quantum meruit.

42.     Plaintiff performed services for Defendants for several months up until October of 2012.

43.     Defendants have unjustly retained a benefit by not paying the Plaintiff for its services rendered.

44.     Defendants are unjustly enriched as a result of their refusal to pay Plaintiff.

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 7 of 20

7

WHEREFORE, the Plaintiff prays that this court enter judgment in its favor and against

Defendant in the amount of its actual damages plus attorneys' fees and costs incurred and other

such relief as it may be entitled.

FIONA CHEN CONSULTING CO.

By: /s/ Vincent L. DiTommaso
One of its attorneys

Vincent L. DiTommaso
Peter S. Lubin
DITOMMASO LUBIN AUSTERMUEHLE, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
vld@ditommasolaw.com
psl@ditommasolaw.com

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 8 of 20

8

## <u>VERIFICATION</u>

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that I read the foregoing Verified Complaint, that I have personal knowledge of the matters set forth therein, and that the statements set forth therein are true and correct, except as to matters stated to be on information and belief, and as to such matters, I certify that I believe those allegations to be true.

The total of money damages sought in the foregoing Verified Complaint exceeds $50,000.

Fiona Chen

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 9 of 20

9

# EXHIBIT A

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 10 of 20

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 11 of 20

# INVOICE

Fiona Chen, MPA, Ph.D., CPA, ABV, CFF, CITP
Fiona Chen Consulting Company
275 Stonegate Road, Ste B
Algonquin, IL 60102
847-854-4500
December 2, 2012

**For Unpaid Hours of Services Rendered and Out of Pocket Expenses in Shrock v. Meier**

TO:
John S. Xydakis
Law Office of John S. Xydakis, P.C.
7518 W. Madison St., Ste. 200
Forest Park, Illinois 60130

| TOTAL AMOUNT DUE | $ | 390,180.18 |
|---|---|---|
| **Past Due** | | |
| Itemized Listing: | | |

| Hours Unpaid | Hourly Rate | Total Amount |
|---|---|---|
| 1,110.00 | $     350.00 | $ 388,500.00 |

| Mileages and Tolls for 9/17/12 | | at $.555 per mile | |
|---|---|---|---|
| | 96 miles | 0.555 | $     53.28 |
| Tolls | $     4.50 | | |

| Report Production and Delivery | | | | | |
|---|---|---|---|---|---|
| Number of Pages per Report | copies | | Total pages | Production cost per page | Duplication total |
| 1,653 | 7 | | 11,571 | $     0.10 | $ 1,157.10 |
| Binding/Delivery Cost | | | | | |
| $     465.30 | | | | | |
| Interest accrual starting 1/1/2013 | | | | | |
| 6% per year; compound monthly | | | | | |

## Unpaid Hours Worked by Fiona Chen,Ph.D., CPA, ABV, CFF, CITP in Shrock v. Meier Case

Sunday, December 02, 2012

| Date | Task | Hours |
|------|------|-------|
| 6/1/2012 | Went to BSM to pick up signed IRS forms from Meier, Prepared for meeting and met with counsel on all documents printed out and concepts on wage, checks not issued and not paid and W-2 issues; received Meier doc files on electronic format from counsel | 7.0 |
| 6/2/2012 | Prepared for meeting and met with counsel to explain Meier's cost of goods sold and purchases liability acct transfers, and Suby loan payback, W-2 issue | 4.0 |
| 6/2/2012 | Sort out equity account adjustment on American Express/Union Bank adjustments on Source and Fund approach | 1.0 |
| 6/2/2012 | Partnership Basis principle rules citations and draft | 4.0 |
| 6/3/2012 | Phone calls with counsel for clarifying document questions, start drafting for 2nd draft of report, and clean up duplicate documents | 12.0 |
| 6/4/2012 | Work on equity accounts/balance sheet of 2006, 2007, 2008 | 4.0 |
| 6/4/2012 | Continue the 2nd draft and clean up the duplicate documents; calculation of Silvia Suby and David Suby's profit sharing amount based on agreements | 6.0 |
| 6/5/2012 | Receive, review and discuss Meier divorce documents with counsel | 1.0 |
| 6/5/2012 | Update Meier personal expense table | 3.0 |
| 6/5/2012 | IRS audit guides and literature, citation on partnership for capital account, basis, liabilities | 12.0 |
| 6/6/2012 | Literature, citation research for Partnership, LLC, LLC Agreement, Interest Disposition, Allocation, Taxation, Accounting for Partnership | 4.0 |
| 6/6/2012 | Law research on LLC Units | 4.0 |
| 6/6/2012 | IRS Partnership Audit Guide research | 2.0 |
| 6/7/2012 | Study bonus to David Suby reclassified | 2.0 |
| 6/7/2012 | Capital account, retained earning, and distribution 2008-2012 | 2.0 |
| 6/7/2012 | Update personal expense table and reconcile all items across categories and bank statements for 2010 | 3.0 |
| 6/7/2012 | Review in Peachtree and Excel Meier loan items | 3.0 |
| 6/7/2012 | Work on equity accounts/balance sheet of 2008, 2009 | 1.0 |
| 6/7/2012 | Use balance sheet approach to look for accounting records on other domain names | 3.0 |
| 6/8/2012 | Research attorney fees in Peachtree software, all years | 2.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 12 of 20

| Date | Task | Hours |
|---|---|---|
| 6/8/2012 | Using balance sheet approach to examine Meier loan related interests and principal, etc. | 6.0 |
| 6/9/2012 | Reconcile differences in cash account on balance sheet, for all years, Peachtree, Meier financial statements, and bank statements | 10.0 |
| 6/10/2012 | Use balance sheet approach to look for accounting records on BSM; verifying other domain names not in Peachtree | 8.0 |
| 6/11/2012 | Review Peachtree 2004 and 2005 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/11/2012 | Reviewed Smith Economics Group Report | 2.0 |
| 6/12/2012 | Peachtree Alan Meier related expenses reconcile to bank statements, all years | 4.0 |
| 6/12/2012 | Review Peachtree 2006, 2007 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/13/2012 | Update calculation and write up Meier's percentage plus exhibits | 4.0 |
| 6/13/2012 | Use balance sheet approach to start examine all balance sheet accounts | 8.0 |
| 6/14/2012 | Receive Meier doc from counsel, receive testing Websites receipts and invoices, and review doc | 3.0 |
| 6/14/2012 | Review public record on court case file and identify David Suby job performances | 6.0 |
| 6/15/2012 | Silvia Suby loan and bonus checks tracing in Peachtree | 4.0 |
| 6/15/2012 | Adjustment on balance sheet of payable to Silvia Suby | 2.0 |
| 6/15/2012 | Use balance sheet approach for 2006 equity account adjustment | 2.0 |
| 6/15/2012 | Balance sheet approach on Advance by Member - Meier | 1.0 |
| 6/17/2012 | Equity account adjustments for balance sheet approach, write report 2005 | 2.0 |
| 6/17/2012 | Received Meier additional document set from retaining counsel | 1.0 |
| 6/17/2012 | Balance sheet approach on Other Assets account | 2.0 |
| 6/17/2012 | 2003 Capital Account | 2.0 |
| 6/17/2012 | Export to excel 2003 balance sheet and calculate and update the captal accounts | 4.0 |
| 6/18/2012 | Using balance sheet approach for 2010 and 2011 adjustments | 2.0 |
| 6/18/2012 | Balance sheet approach on 2009, 2010 Meier bonus check, Silvia Suby checks and accrued salaries account; Other Assets account; Other accrued liability account | 5.0 |
| 6/18/2012 | Using balance sheet approach to examine accounts in Peachtree for Meier personal expenses and Alan Meier and Salvador Suby outside services | 4.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 13 of 20

| Date | Task | Hours |
|------|------|-------|
| 6/18/2012 | Update 2007 equity account adjustment | 2.0 |
| 6/19/2012 | Equity account adjustments for balance sheet approach, write report | 12.0 |
| 6/22/2012 | Partnership law of Section 704 | 10.0 |
| 6/23/2012 | Reconcile and present Meier personal expenses years and amounts | 10.0 |
| 6/25/2012 | Review Peachtree 2005 Trade Accounts Payable all journal entries and relationship to cost of goods sold | 8.0 |
| 6/26/2012 | Summarize attorney fees; analyze real estate properties | 4.0 |
| 6/27/2012 | Review Peachtree 2008, 2009 Cash Account all journal entries for personal expenses; update personal expense table | 8.0 |
| 6/27/2012 | Prepared meeting note and meeting with counsel on how to draft request for credit card statements | 1.0 |
| 6/27/2012 | Discussed court cases with counsel | 1.0 |
| 6/28/2012 | Work on outside service expense account for Alan Meier and Salvador Suby | 4.0 |
| 6/29/2012 | Met with retaining counsel discussing and explaining documents, etc. | 4.0 |
| 6/30/2012 | Use balance sheet approach to examine trade account receivable all years | 12.0 |
| 7/2/2012 | Review in Peachtree and Excel 2010 and 2011 cash account | 8.0 |
| 7/3/2012 | Balance sheet approach all years | 11.0 |
| 7/4/2012 | Met with retaining counsel | 3.0 |
| 7/4/2012 | Silvia Suby and David Suby 2008-2011 Wages update and verified with bank statements | 3.0 |
| 7/4/2012 | Literature and citation search on compensation v. dividend | 3.0 |
| 7/5/2012 | Review doc provided by counsel | 8.0 |
| 7/6/2012 | Review doc provided by counsel | 8.0 |
| 7/7/2012 | Review IRS transcript, review and reconcile tax returns | 3.0 |
| 7/7/2012 | Analyze loan and loan returns in Peachtree; update balance sheet approach; draft report | 6.0 |
| 7/8/2012 | Literature search and writing on Meier and Silvia Suby partnership | 7.0 |
| 7/8/2012 | Receive and review IRS documents from counsel | 3.0 |
| 7/10/2012 | Analyze salaries and bonuses from Peachtree 2011 | 7.0 |
| 7/10/2012 | Discussed with retaining counsel on brief from the opposing counsel; discussed on the issues of wages and economic investment opportunity loss | 2.0 |
| 7/11/2012 | Study wage issues from Peachtree, agreement, doc and prep for meeting with counsel | 10.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 14 of 20

Page 3 of 9

| Date | Task | Hours |
|------|------|-------|
| 7/12/2012 | Outline report for key points; prep for meeting with counsel; illustrations | 4.0 |
| 7/12/2012 | Met with retaining counsel | 5.0 |
| 7/13/2012 | First review of all American Express Statements 2006 to 2011 | 6.0 |
| 7/13/2012 | Search and review court cases on reasonable compensation to higher paid employees and owner employee | 6.0 |
| 7/14/2012 | Analyze American Express Statements | 3.0 |
| 7/14/2012 | Search and review court cases, literature, on criteria to decide reasonable compensation | 6.0 |
| 7/15/2012 | Analyze American Express Card Award Point Use | 3.0 |
| 7/15/2012 | Wage study -- locate US Dept. of Labor Statistics Published in 2011 | 10.0 |
| 7/16/2012 | Research and write on salary study law cases and criteria | 7.0 |
| 7/16/2012 | Travel to Chicago to identify the issue of Crain's report and purchase for wage study | 3.0 |
| 7/17/2012 | Analyze court cases for wage study (Branson v. Commission); draft report | 2.0 |
| 7/17/2012 | Research court cases on ordinary and necessary expenses, White v. Commissioner | 3.0 |
| 7/17/2012 | Analyze American Express Award points to OnePass Miles Program | 1.0 |
| 7/17/2012 | Research laws on personal expenses out of LLC | 1.0 |
| 7/17/2012 | Research and reference IRS Rev. Rul. And publications on compensation to owner employees, IRC Section 162(m), court cases on compensation of officer, minority shareholder, personal expenses, and partner and partnership transactions | 5.0 |
| 7/18/2012 | Literature search, reading, and write draft on partnership tax laws and accounting rules | 10.0 |
| 7/19/2012 | Literature reading, reading, and write draft on partnership tax laws and accounting rules | 10.0 |
| 7/20/2012 | Draft and upload questions for retaining counsel | 1.0 |
| 7/20/2012 | Draft on partnership laws, literature, capital account maintenance | 10.0 |
| 7/21/2012 | Capital account, LLC, "membership interest", 805 ILCS 180/LLC Act for exhibit and writing | 2.0 |
| 7/21/2012 | Review and draft literature and laws on partnership, partner's interest | 10.0 |
| 7/22/2012 | Review data of Diapers.com and literature search | 10.0 |
| 7/22/2012 | Continue draft literature review on tax laws and accounting rules | 2.0 |
| 7/23/2012 | Literature search for FASB, draft on accounting rules for independent entities | 4.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 15 of 20

| Date | Task | Hours |
|------|------|-------|
| 7/23/2012 | Review and write on McNally report | 5.0 |
| 7/24/2012 | Analyze Meier financials in the early years of BSM based on Meier divorce file | 10.0 |
| 7/25/2012 | Review of text and literature to write on investment opportunity loss and business damages | 5.0 |
| 7/25/2012 | Review of court documents to write draft | 5.0 |
| 7/27/2012 | Salary.com study of comparable jobs, job descriptions, and salary amounts | 3.0 |
| 7/27/2012 | Reference on partnership anti-abuse rule | 4.0 |
| 7/27/2012 | Reference Journal of Accountancy articles on executive compensation | 1.0 |
| 7/27/2012 | Analyze court cases for wage study (Menard, Inc., Exacto Spring Corp.); literature review; work on compensation to officer case, draft report | 2.0 |
| 7/27/2012 | BLS terminologies; draft report | 3.0 |
| 7/28/2012 | Write report on accounting rules on separate entities, etc. and FASB statements | 5.0 |
| 7/28/2012 | Preparation for meeting with retaining counsel | 2.0 |
| 7/28/2012 | Met with retaining counsel | 3.0 |
| 7/29/2012 | Continued on partnership issue law and draft; reviewed deposition transcripts provided by counsel on 7/28 | 10.0 |
| 7/31/2012 | Update draft on income statement | 1.0 |
| 7/31/2012 | Search for Peachtree bonuses paid to all employees, 2008-2011 | 4.0 |
| 8/1/2012 | Sort out 2005 Executive Compensation | 1.0 |
| 8/1/2012 | Analyze and summarize bonuses paid to all employees, 2008 to 2011 | 12.0 |
| 8/2/2012 | Review and write on Meier's agreements, BSM OA, Silvia Suby agreements | 11.0 |
| 8/3/2012 | Review and write on David Suby agreements, review and write on David Suby deposition | 8.0 |
| 8/3/2012 | Met with retaining counsel in his office to discuss all topics and progress demonstration with illustrations | 3.0 |
| 8/4/2012 | Review and write on Silvia Suby deposition in both court cases | 10.0 |
| 8/5/2012 | Draft salary adjustment criteria for Meier, Silvia Suby, and David Suby | 10.0 |
| 8/6/2012 | Review Shock and Alan Meier depositions and draft report | 12.0 |
| 8/7/2012 | Review Meier deposition and draft report | 12.0 |
| 8/8/2012 | Summarize Meier spending and income pattern in BSM early years | 8.0 |
| 8/8/2012 | Review Joseph Meier deposition and draft report | 4.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 16 of 20

| Date | Task | Hours |
|---|---|---|
| 8/8/2012 | Review David Suby deposition and study the relational database terminology issue | 1.0 |
| 8/9/2012 | Went to retaining counsel's office to discuss salary issues and review deposition exhibits for all other than Silvia Suby | 7.0 |
| 8/9/2012 | Study the relational database terminology issue; internet, website, and textbooks | 3.0 |
| 8/9/2012 | David Suby wage - Static v. Dynamic Relational Databases | 1.0 |
| 8/10/2012 | David Suby wage - Static v. Dynamic Relational Databases; writing | 2.0 |
| 8/10/2012 | Trace Meier bonus and reclassification | 4.0 |
| 8/10/2012 | Sort out from Peachtree Meier 2006 Compensation | 2.0 |
| 8/10/2012 | Calculate and sort from Peachtree Silvia Suby and David Suby 2005, 6, 7 salaries and bonuses | 4.0 |
| 8/11/2012 | Continue to write on tax rules on partnerships | 5.0 |
| 8/11/2012 | Prepare document request for retaining counsel | 1.0 |
| 8/11/2012 | Prepare list of documents reviewed; worked on Fraud literature review and draft report on fraud and forensic accountant's responsibility | 8.0 |
| 8/12/2012 | Update and finalize the table for Meier personal expenses 04-11 | 2.0 |
| 8/12/2012 | Calculate, update and finalize 2006, 2007, 2008 balance sheet adjustments | 8.0 |
| 8/12/2012 | Work on summary paper of American express card award point used by Meier | 2.0 |
| 8/13/2012 | Met with retaining counsel on PayPal issue, case progress, and plan to communicate | 1.0 |
| 8/13/2012 | Finalize calculation of 2009, 2010, 2011 balance sheet adjustments | 4.0 |
| 8/13/2012 | Create the summary income statement adjustment table | 1.0 |
| 8/13/2012 | Calculation of Equity Accounts Update, Calculate, and Formatting | 4.0 |
| 8/14/2012 | Analyze credit card Peachtree accounts for years 2008 - 2011 | 10.0 |
| 8/17/2012 | Upload files and questions for retaining counsel | 2.0 |
| 8/17/2012 | Research IRS Rev Procedure 2002-22 | 2.0 |
| 8/19/2012 | Update and draft partnership, partner's interest, and equity account accounting | 4.0 |
| 8/19/2012 | Write on wage calculation and verification from Peachtree on Meier, Silvia Suby and David Suby | 1.0 |
| 8/19/2012 | Draft on Fraud issues and accountant's responsibilities | 10.0 |
| 8/21/2012 | Partnership audit guide research and reading | 3.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 17 of 20

| Date | Task | Hours |
|------|------|-------|
| 8/25/2012 | IRC Section 704(b) Capital Account Revaluation | 3.0 |
| 8/26/2012 | Update and finalize Silvia Suby and David Suby 2007 salary payment tables; draft report | 4.0 |
| 8/27/2012 | Update, Write on partnership, managing member compensation issue | 8.0 |
| 8/28/2012 | Finalize adjusted income statements and its conclusions and start summarized table for balance sheet adjustment statements | 5.0 |
| 8/29/2012 | Cross check personal expenses, balance sheet items, capital account adjustments, with balance sheet adjustment statements | 6.0 |
| 9/4/2012 | Draft report on taxable income tax laws | 4.0 |
| 9/4/2012 | Review drafts written, compare to sort all documents on hand and determine on the ones to put into report | 5.0 |
| 9/5/2012 | Review drafts written, compare to sort all tables and illustrations on hand to file to various piles | 5.0 |
| 9/6/2012 | Write on indirect method and mark up method with literature and court cases in text | 4.0 |
| 9/6/2012 | Discuss with Counsel on PayPal statements, case progress, report scope, and Stan Smith | 2.0 |
| 9/7/2012 | Update lists of references and documents reviewed | 6.0 |
| 9/8/2012 | Write report and update on table of profit sharing percentage analysis | 8.0 |
| 9/9/2012 | Write compensation to officer sections; sections on comparison with non-key officers | 10.0 |
| 9/10/2012 | Reviewed doc and drafted on the BSM management team and its effect on BSM | 10.0 |
| 9/11/2012 | Write on IRC Section 162 sections on ordinary, necessary and reasonable, on expenses and on wages | 11.0 |
| 9/12/2012 | Communications with retaining counsel on his plan to retain Epstein and for us to cooperate with Epstein | 8.0 |
| 9/16/2012 | Phone calls with Barry Epstein .15 on 9/13; .5 on 9/14; .5 on 9/15; .5 on 9/16 | 2.0 |
| 9/17/2012 | Meeting with Epstein and his staff to familiar them with various laws and travel time | 9.0 |
| 9/18/2012 | Write on compensation to officers | 10.0 |
| 9/19/2012 | Write up of wages and salary adjustment criteria; compile all writing parts to one | 8.0 |
| 9/20/2012 | Determination and calculation of wages and salary adjustments | 9.0 |
| 9/20/2012 | Write up of wages and salary adjustments | 2.0 |
| 9/21/2012 | Study Form 1065 and K-1s, Meier's double books, GAAP rules and write up | 11.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 18 of 20

| Date | Task | Hours |
|---|---|---|
| 9/21/2012 | Creation and update of tables for wages and salary adjustments | 4.0 |
| 9/22/2012 | Write up on Meier double book and further actions of fraud | 10.0 |
| 9/23/2012 | Court case research verification on fraud cases | 3.0 |
| 9/23/2012 | Review data of Diapers.com and literature search | 7.0 |
| 9/24/2012 | Update balance sheet account statements, update tables | 10.0 |
| 9/24/2012 | Work on Other Accrued Liability account and cash account on Alan Meier | 2.0 |
| 9/25/2012 | Continue search and reference for Fraud, accounting publications; Search, reference, and draft on IRM badges of fraud; International Fraud Examiner Report | 10.0 |
| 9/26/2012 | Write up and summary wages and salary adjustment – Meier | 2.0 |
| 9/26/2012 | Update internet search on Silvia Suby for exhibit | 3.0 |
| 9/26/2012 | Write up Silvia Suby and Meier joint properties, partnership | 6.0 |
| 9/27/2012 | Write up report to explain calculation of Meier percentages and agreements and calculation | 9.0 |
| 9/29/2012 | Finalize report on Partnership | 8.0 |
| 9/30/2012 | IRC Section 267(a); Treas. Reg. 1.267(a)-2T, 1.267(b)-1 Related Party Transactions | 5.0 |
| 9/30/2012 | Transactions between partners and partnership IRC Section 707 | 4.0 |
| 9/30/2012 | US GAAP Codification Topic 450-20 Loss Contingency | 3.0 |
| 10/1/2012 | Identify literature references for Diapers.com and prepare for reference listings for fraud part | 12.0 |
| 10/2/2012 | Finalize equity account adjustment for 2005, 2007 write report | 10.0 |
| 10/4/2012 | Calculate and consider investment opportunity loss | 12.0 |
| 10/5/2012 | Calculation on comparison to Diapers.com | 10.0 |
| 10/5/2012 | Court cases, wage issues, compensation to officer | 2.0 |
| 10/6/2012 | Write report; Meier compensation exhibits including deposition, 2007 salary table | 10.0 |
| 10/6/2012 | Robert Meier 2005 Compensation Table | 1.0 |
| 10/7/2012 | E-commerce sales trend and Elgin IL economy | 3.0 |
| 10/7/2012 | Verify prior study wage source: Watson Wyatt Data Services | 1.0 |
| 10/7/2012 | Verify all conclusion numbers from tables, to texts, to titles, and exhibits | 10.0 |
| 10/8/2012 | Write on comparison to Diapers.com | 10.0 |

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-003621
PAGE 19 of 20

| Date | Task | Hours |
|---|---|---|
| 10/9/2012 | Cover page, table of contents, disclaimer and signature page; double check footnotes | 12.0 |
| 10/10/2012 | Finalize Exhibits | 10.0 |
| 10/11/2012 | Finalize Exhibits | 10.0 |
| 10/12/2012 | Finalize Exhibits | 10.0 |
| 10/13/2012 | LLP S Corp Partnership Literature list check for reference and exhibits; finalize exhibits | 13.0 |
| 10/14/2012 | Preparation of exhibits on LLC, outside basis and capital account, IRC Section 704, 704(b), 752, economic loss, partnership distribution allocation tax law | 12.0 |
| 10/15/2012 | List of Exhibits verification and update | 5.0 |
| 10/15/2012 | List of Documents reviewed and update | 5.0 |
| 10/16/2012 | Sort and file references, depositions, literatures, and documents | 10.0 |

Total Hours                                                                          1,110.00

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
PAGE 20 of 20

1910 - No Fee Paid
1919 - Fee Paid
Jury Demand

ELECTRONICALLY FILED
6/2/2017 5:17 PM
2017-L-005621
CALENDAR: T
(Rev. 12/01/15) CCG N067

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

_____ COUNTY          DEPARTMENT/ LAW DIVISION DISTRICT


FIONA CHEN CONSULTING CO.
_____
                           v.

EDWARD SCHROCK and JOHN XYDAKIS
_____

No. _____

**JURY DEMAND**

The undersigned demands a jury trial.


                                        /s/ Vincent L. DiTommaso
                                        _____
                                               (Signature)


☐ Atty. No.: 35673
Name: DiTommaso Lubin Austermuehle, P.C.
Atty. for: Plaintiff
Address: 17W220 22nd Street, Suite 410
City/State/Zip: Oakbrook Terrace, IL
Telephone: (630) 333-0000                    Dated: June 2, 2017
Primary Email: _____
Secondary Emai: _____
Tertiary Email: _____

# EXHIBIT D



Ck #: 2100 - Amt: $11,000.00 - 03/12/2012