# REQUIRED STATEMENT
## TO ACCOMPANY MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) __Fiona F. Chen__ Case No. __14-83847__ Chapter __7__

All Cases: Moving Creditor __Sun City Community Association of Huntley, Inc.__ Date Case Filed __12/31/2014__

Nature of Relief Sought: ☑ Lift Stay   ☐ Annul Stay   ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ or Date Plan Confirmed _____

Chapter 7: ☐ No-Asset Report Filed on _____
☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1. Collateral
   a. ☑ Home
   b. ☐ Car   Year, Make, and Model _____
   c. ☐ Other (describe) _____

2. Balance Owed as of Petition Date  $ __10,272.52__
   Total of all other Liens against Collateral $ __Unknown__

3. In chapter 13 cases, if a post-petition default is asserted in the motion, attach a payment history listing the amounts and dates of all payments received from the debtor(s) post-petition.

4. Estimated Value of Collateral (must be supplied in *all* cases)  $ __180,770.00__

5. Default
   a. ☐ Pre-Petition Default
      Number of months ____   Amount $ _____
   
   b. ☑ Post-Petition Default
      i. ☑ On direct payments to the moving creditor
         Number of months ____   Amount $ __6,961.19__   + accruing assessments, charges, attorney's fees, and costs.
      ii. ☐ On payments to the Standing Chapter 13 Trustee
         Number of months ____   Amount $ _____

6. Other Allegations
   a. ☑ Lack of Adequate Protection  § 362(d)(1)
      i. ☐ No insurance
      ii. ☐ Taxes unpaid   Amount $ _____
      iii. ☐ Rapidly depreciating asset
      iv. ☑ Other (describe) __Accruing lien for unpaid association assessments__
   
   b. ☑ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)
   
   c. ☑ Other "Cause" § 362(d)(1)
      i. ☐ Bad Faith (describe) _____
      ii. ☐ Multiple Filings
      iii. ☑ Other (describe) __Default under Movant's Declarations__
   
   d. Debtor's Statement of Intention regarding the Collateral
      i. ☐ Reaffirm   ii. ☐ Redeem   iii. ☐ Surrender   iv. ☑ No Statement of Intention Filed

Date: __January 4, 2019__   _____
                            Counsel for Movant

(Rev. 12/21/09)



SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY

SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE | PROPERTY | BALANCE |
|---|---|---|---|
| 10012 | 01/03/2019 | 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due    $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 01/01/2019 | C407261 | Property #: 028-178 - Master Assn - Reserve 01/01/2019 - 01/31/2019 | $24.00 | $6,961.19 |
| | | Ending Balance | | $6,961.19 |
| | | Grand Total | $6,961.19 | |

1-4-19 BK Legal Fee - Lift Stay            781.00    7,742.19

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.

# Sun City Huntley
*by Del Webb*

**SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY**

SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE |
|---|---|
| 10012 | 01/03/2019 |

| PROPERTY | BALANCE |
|---|---|
| 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due  $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 08/16/2018 | C329110 | Property #: 028-178 - Master Assn - Reserve 09/01/2018 - 09/30/2018 | $24.00 | $6,569.53 |
| 08/16/2018 | C318362 | August Late Fees | $25.00 | $6,594.53 |
| 08/29/2018 | P116835 | 1034 | ($250.00) | $6,344.53 |
| 09/16/2018 | C331614 | September Late Fees | $25.00 | $6,369.53 |
| 09/16/2018 | C331660 | Interest on Unpaid balance as of 8/31/18 | $93.29 | $6,462.82 |
| 10/01/2018 | C342306 | Property #: 028-178 - Master Assn - Operating 10/01/2018 - 10/31/2018 | $101.00 | $6,563.82 |
| 10/01/2018 | C342307 | Property #: 028-178 - Master Assn - Reserve 10/01/2018 - 10/31/2018 | $24.00 | $6,587.82 |
| 10/16/2018 | C357584 | Interest on Unpaid balance as of 9/30/18 | $96.94 | $6,684.76 |
| 10/16/2018 | C357705 | October Late Fees | $25.00 | $6,709.76 |
| 11/01/2018 | C355299 | Property #: 028-178 - Master Assn - Operating 11/01/2018 - 11/30/2018 | $101.00 | $6,810.76 |
| 11/01/2018 | C355300 | Property #: 028-178 - Master Assn - Reserve 11/01/2018 - 11/30/2018 | $24.00 | $6,834.76 |
| 11/16/2018 | C357938 | Interest on Unpaid balance as of 10/30/18 | $100.65 | $6,935.41 |
| 11/16/2018 | C358005 | November Late Fees | $25.00 | $6,960.41 |
| 11/27/2018 | P131165 | 1082 | ($375.00) | $6,585.41 |
| 12/01/2018 | C368534 | Property #: 028-178 - Master Assn - Operating 12/01/2018 - 12/31/2018 | $101.00 | $6,686.41 |
| 12/01/2018 | C368535 | Property #: 028-178 - Master Assn - Reserve 12/01/2018 - 12/31/2018 | $24.00 | $6,710.41 |
| 12/18/2018 | C371053 | Interest on Unpaid balance as of 11/30/18 | $98.78 | $6,809.19 |
| 12/18/2018 | C371152 | December Late Fees | $25.00 | $6,834.19 |
| 01/01/2019 | C407260 | Property #: 028-178 - Master Assn - Operating 01/01/2019 - 01/31/2019 | $103.00 | $6,937.19 |

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.



# SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY

SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE | PROPERTY | BALANCE |
|---|---|---|---|
| 10012 | 01/03/2019 | 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due   $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 05/01/2018 | C276485 | Property #: 028-178 - Master Assn - Operating 05/01/2018 - 05/31/2018 | $101.00 | $5,864.64 |
| 05/01/2018 | C276486 | Property #: 028-178 - Master Assn - Reserve 05/01/2018 - 05/31/2018 | $24.00 | $5,888.64 |
| 05/01/2018 | C291515 | April Late Interest | $86.45 | $5,975.09 |
| 05/16/2018 | P101038 | 1017 | ($250.00) | $5,725.09 |
| 05/17/2018 | C291441 | May Late Fees | $25.00 | $5,750.09 |
| 05/23/2018 | P101282 | To reclass pre-2017 late fees to late fee folio | ($1,169.79) | $4,580.30 |
| 05/23/2018 | P101283 | To reclass pre-2017 late fees to late fee folio | $1,169.79 | $5,750.09 |
| 06/01/2018 | C289528 | Property #: 028-178 - Master Assn - Operating 06/01/2018 - 06/30/2018 | $101.00 | $5,851.09 |
| 06/01/2018 | C289529 | Property #: 028-178 - Master Assn - Reserve 06/01/2018 - 06/30/2018 | $24.00 | $5,875.09 |
| 06/01/2018 | C304637 | May Late Interest | $86.25 | $5,961.34 |
| 06/15/2018 | C304748 | June Late Fees | $25.00 | $5,986.34 |
| 07/01/2018 | C302624 | Property #: 028-178 - Master Assn - Operating 07/01/2018 - 07/31/2018 | $101.00 | $6,087.34 |
| 07/01/2018 | C302625 | Property #: 028-178 - Master Assn - Reserve 07/01/2018 - 07/31/2018 | $24.00 | $6,111.34 |
| 07/01/2018 | C317998 | June Late Interest | $89.80 | $6,201.14 |
| 07/17/2018 | C317893 | July Late Fees | $25.00 | $6,226.14 |
| 08/01/2018 | C315757 | Property #: 028-178 - Master Assn - Operating 08/01/2018 - 08/31/2018 | $101.00 | $6,327.14 |
| 08/01/2018 | C315758 | Property #: 028-178 - Master Assn - Reserve 08/01/2018 - 08/31/2018 | $24.00 | $6,351.14 |
| 08/01/2018 | C331290 | July Late Interest | $93.39 | $6,444.53 |
| 08/16/2018 | C329109 | Property #: 028-178 - Master Assn - Operating 09/01/2018 - 09/30/2018 | $101.00 | $6,545.53 |

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.



**SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY**
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE | PROPERTY | BALANCE |
|---|---|---|---|
| 10012 | 01/03/2019 | 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due    $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 12/01/2017 | C184694 | Property #: 028-178 - Master Assn - Reserve 12/01/2017 - 12/31/2017 | $28.00 | $4,950.40 |
| 12/16/2017 | C212480 | December Late Fees | $25.00 | $4,975.40 |
| 12/31/2017 | C225572 | December Late Interest | $74.63 | $5,050.03 |
| 01/01/2018 | C210774 | Property #: 028-178 - Master Assn - Operating 01/01/2018 - 01/31/2018 | $101.00 | $5,151.03 |
| 01/01/2018 | C210775 | Property #: 028-178 - Master Assn - Reserve 01/01/2018 - 01/31/2018 | $24.00 | $5,175.03 |
| 01/08/2018 | P81365 | 1006 | ($125.00) | $5,050.03 |
| 01/16/2018 | C225751 | January Late Fees | $25.00 | $5,075.03 |
| 01/31/2018 | C251777 | January Late Interest | $76.13 | $5,151.16 |
| 02/01/2018 | C223834 | Property #: 028-178 - Master Assn - Operating 02/01/2018 - 02/28/2018 | $101.00 | $5,252.16 |
| 02/01/2018 | C223835 | Property #: 028-178 - Master Assn - Reserve 02/01/2018 - 02/28/2018 | $24.00 | $5,276.16 |
| 02/17/2018 | C251625 | February Late Fees | $25.00 | $5,301.16 |
| 03/01/2018 | C249797 | Property #: 028-178 - Master Assn - Operating 03/01/2018 - 03/31/2018 | $101.00 | $5,402.16 |
| 03/01/2018 | C249798 | Property #: 028-178 - Master Assn - Reserve 03/01/2018 - 03/31/2018 | $24.00 | $5,426.16 |
| 03/01/2018 | C265003 | February Late Interest | $79.52 | $5,505.68 |
| 03/16/2018 | C265052 | March Late Fees | $25.00 | $5,530.68 |
| 04/01/2018 | C263181 | Property #: 028-178 - Master Assn - Operating 04/01/2018 - 04/30/2018 | $101.00 | $5,631.68 |
| 04/01/2018 | C263182 | Property #: 028-178 - Master Assn - Reserve 04/01/2018 - 04/30/2018 | $24.00 | $5,655.68 |
| 04/01/2018 | C265310 | March Late Interest | $82.96 | $5,738.64 |
| 04/18/2018 | C265421 | April Late Fees | $25.00 | $5,763.64 |

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.



**SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY**

SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE | PROPERTY | BALANCE |
|---|---|---|---|
| 10012 | 01/03/2019 | 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due   $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 08/01/2017 | C131173 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,893.79 |
| 08/01/2017 | C131174 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,921.79 |
| 08/02/2017 | P38904 | 2063 | ($268.00) | $4,653.79 |
| 08/16/2017 | C145668 | August Late Fee | $25.00 | $4,678.79 |
| 08/30/2017 | C145794 | August Late Interest | $70.18 | $4,748.97 |
| 09/01/2017 | C144012 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,854.97 |
| 09/01/2017 | C144013 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,882.97 |
| 09/16/2017 | C145913 | September Late Fee | $25.00 | $4,907.97 |
| 09/26/2017 | P60352 | 2075 | ($268.00) | $4,639.97 |
| 09/30/2017 | C172487 | September Late Interest | $73.24 | $4,713.21 |
| 10/01/2017 | C157333 | Property #: 028-178 - Master Assn - Operating 10/01/2017 - 10/31/2017 | $106.00 | $4,819.21 |
| 10/01/2017 | C157334 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,847.21 |
| 10/15/2017 | C172118 | October Late Fee | $25.00 | $4,872.21 |
| 10/18/2017 | P64879 | 2082 | ($134.00) | $4,738.21 |
| 10/31/2017 | C172924 | October Late Interest | $67.80 | $4,806.01 |
| 11/01/2017 | C170377 | Property #: 028-178 - Master Assn - Operating 11/01/2017 - 11/30/2017 | $106.00 | $4,912.01 |
| 11/01/2017 | C170378 | Property #: 028-178 - Master Assn - Reserve 11/01/2017 - 11/30/2017 | $28.00 | $4,940.01 |
| 11/03/2017 | C172671 | Property #: 028-178 - Late Fees - WRITEOFF /FORECLOSURE | ($218.42) | $4,721.59 |
| 11/15/2017 | C173208 | November Late Fee | $25.00 | $4,746.59 |
| 11/30/2017 | C186340 | November Late Interest | $69.81 | $4,816.40 |
| 12/01/2017 | C184693 | Property #: 028-178 - Master Assn - Operating 12/01/2017 - 12/31/2017 | $106.00 | $4,922.40 |

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.

# Sun City Huntley
*by Del Webb*

**SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY**

SUN CITY COMMUNITY ASSOCIATION OF HUNTLEY
Please Send All Payments to:
Sun City Community Association of Huntley
P.O. Box 6241
Carol Stream, IL 60197-6241

| MEMBER | DATE | PROPERTY | BALANCE |
|---|---|---|---|
| 10012 | 01/03/2019 | 028-178 | $6,961.19 |

Fiona Chen
11840 Covey Lane
Huntley, IL 60142

Due  $6,961.19

PLEASE INCLUDE YOUR PROPERTY NUMBER WITH PAYMENT

| Date | Ref # | Description | Amount | Balance |
|---|---|---|---|---|
| 028-178 | | Property Address: 11840 Covey Lane | | |
| | | Balance Forward: | $0.00 | |
| 09/29/2016 | C1117 | Migrated charge for over90 balance | $3,921.14 | $3,921.14 |
| 10/30/2016 | C860 | Migrated charge for over60 balance | $218.19 | $4,139.33 |
| 11/30/2016 | C687 | Migrated charge for over30 balance | $221.46 | $4,360.79 |
| 12/21/2016 | C200 | Migrated charge for currenct balance | $25.00 | $4,385.79 |
| 01/01/2017 | C2346 | Assessment | $134.00 | $4,519.79 |
| 01/01/2017 | C7817 | Assessment | $134.00 | $4,653.79 |
| 01/01/2017 | C13288 | Assessment | ($134.00) | $4,519.79 |
| 02/01/2017 | C40665 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,625.79 |
| 02/01/2017 | C40666 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,653.79 |
| 03/01/2017 | C53740 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,759.79 |
| 03/01/2017 | C53741 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,787.79 |
| 03/13/2017 | P13032 | Thank you for your payment. | ($134.00) | $4,653.79 |
| 04/01/2017 | C66573 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,759.79 |
| 04/01/2017 | C66574 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,787.79 |
| 04/26/2017 | P18912 | 2032 | ($134.00) | $4,653.79 |
| 05/01/2017 | C79463 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,759.79 |
| 05/01/2017 | C79464 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,787.79 |
| 06/01/2017 | C92389 | Property #: 028-178 - Master Assn - Operating | $106.00 | $4,893.79 |
| 06/01/2017 | C92390 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $4,921.79 |
| 07/01/2017 | C105304 | Property #: 028-178 - Master Assn - Operating | $106.00 | $5,027.79 |
| 07/01/2017 | C105305 | Property #: 028-178 - Master Assn - Reserve | $28.00 | $5,055.79 |
| 07/05/2017 | P34509 | 1008 | ($268.00) | $4,787.79 |

| MEMBER | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | BALANCE DUE |
|---|---|---|---|---|---|---|
| 10012 | $250.78 | $250.65 | $246.94 | $243.29 | $5,969.53 | $6,961.19 |

Assessments are due on the first day of the month. A late fee of $25 will be levied on the 16th day of the month. In addition, unpaid balances shall bear interest at 18% per annum (1.5% per month) when delinquent for 30 days or more. Please contact our Finance Department at 847-515-7661 if you would like to make an appointment to discuss.

| | | | | | |
|---|---|---|---|---|---|
| **Chg** | **07/26/2016** | **LC** | **LATE FEE** | 25 | 3310.72 |
| **Chg** | **07/29/2016** | **LI** | **LATE INTEREST** | 49.66 | 3360.38 |
| **Chg** | **08/01/2016** | **A1** | **ASSOC.FEES - MONTH** | 134 | 3494.38 |
| **Chg** | **08/26/2016** | **LC** | **LATE FEE** | 25 | 3519.38 |
| **Chg** | **08/30/2016** | **LI** | **LATE INTEREST** | 52.79 | 3572.17 |
| **Chg** | **09/01/2016** | **A1** | **ASSOC.FEES - MONTH** | 134 | 3706.17 |
| **Chg** | **09/26/2016** | **LC** | **LATE FEE** | 25 | 3731.17 |
| **Chg** | **09/30/2016** | **LI** | **LATE INTEREST** | 55.97 | 3787.14 |
| **Chg** | **10/01/2016** | **A1** | **ASSOC.FEES - MONTH** | 134 | 3921.14 |
| **Chg** | **10/26/2016** | **LC** | **LATE FEE** | 25 | 3946.14 |
| **Chg** | **10/30/2016** | **LI** | **LATE INTEREST** | 59.19 | 4005.33 |
| **Chg** | **11/01/2016** | **A1** | **ASSOC.FEES - MONTH** | 134 | 4139.33 |
| **Chg** | **11/28/2016** | **LC** | **LATE FEE** | 25 | 4164.33 |
| **Chg** | **11/30/2016** | **LI** | **LATE INTEREST** | 62.46 | 4226.79 |
| **Chg** | **12/01/2016** | **A1** | **ASSOC.FEES - MONTH** | 134 | 4360.79 |
| **Chg** | **12/27/2016** | **LC** | **LATE FEE** | 25 | 4385.79 |
| | | | **End Bal** | | 4385.79 |

| | | | | App# 1734 Beg Bal | | | 0 |
|---|---|---|---|---|---|---|---|
| 1840 | | | | | | | |
| Fiona Chen | Chg | 12/31/2014 | BF | Balance Forward | 10272.52 | | 10272.52 |
| 11840 Covey Lane | Chg | 01/01/2015 | A2 | ASSOC. FEES-QTRLY | 402 | | 10674.52 |
| Huntley IL 60142 | Chg | 01/01/2015 | A2 | ASSOC. FEE-QTRLY | 268 | | 10942.52 |
| | Cr | 01/01/2015 | A2 | ASSOC. FEES-QTRLY | | -268 | 10674.52 |
| | Chg | 03/30/2015 | LI | LATE INTEREST | 160.12 | | 10834.64 |
| | Chg | 04/01/2015 | A2 | ASSOC. FEES-QTRLY | 402 | | 11236.64 |
| | Chg | 04/30/2015 | LI | LATE INTEREST | 166.15 | | 11402.79 |
| | Cr | 05/07/2015 | BF | Pre-petition amount | | -10272.5 | 1130.27 |
| | Chg | 07/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 1264.27 |
| | Chg | 07/30/2015 | LI | LATE INTEREST | 14.07 | | 1278.34 |
| | Chg | 08/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 1412.34 |
| | Chg | 09/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 1546.34 |
| | Chg | 09/30/2015 | LI | LATE INTEREST | 18.09 | | 1564.43 |
| | Chg | 10/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 1698.43 |
| | Chg | 10/30/2015 | LI | LATE INTEREST | 20.1 | | 1718.53 |
| | Chg | 11/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 1852.53 |
| | Chg | 11/02/2015 | LI | LATE INTEREST | 22.11 | | 1874.64 |
| | Cr | 11/02/2015 | LI | REV LATE INTEREST | | -22.11 | 1852.53 |
| | Chg | 11/30/2015 | LC | LATE FEE | 10 | | 1862.53 |
| | Chg | 11/30/2015 | LI | LATE INTEREST | 22.11 | | 1884.64 |
| | Chg | 12/01/2015 | A1 | ASSOC.FEES - MONTH | 134 | | 2018.64 |
| | Chg | 12/31/2015 | LI | LATE INTEREST | 24.12 | | 2042.76 |
| | Chg | 01/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 2176.76 |
| | Chg | 01/31/2016 | LC | LATE FEE | 10 | | 2186.76 |
| | Chg | 01/31/2016 | LI | LATE INTEREST | 26.13 | | 2212.89 |
| | Chg | 02/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 2346.89 |
| | Chg | 02/29/2016 | LC | LATE FEE | 10 | | 2356.89 |
| | Chg | 02/29/2016 | LI | LATE INTEREST | 28.14 | | 2385.03 |
| | Chg | 03/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 2519.03 |
| | Chg | 03/28/2016 | LC | LATE FEE | 30.15 | | 2549.18 |
| | Chg | 04/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 2683.18 |
| | Chg | 04/26/2016 | LC | LATE FEE | 32.16 | | 2715.34 |
| | Chg | 04/30/2016 | LI | LATE INTEREST | 40.25 | | 2755.59 |
| | Chg | 05/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 2889.59 |
| | Chg | 05/26/2016 | LC | LATE FEE | 34.17 | | 2923.76 |
| | Chg | 05/31/2016 | LI | LATE INTEREST | 43.86 | | 2967.62 |
| | Chg | 06/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 3101.62 |
| | Chg | 06/08/2016 | LC | Mar'16 Late Fee | 25 | | 3126.62 |
| | Chg | 06/08/2016 | LC | Apr'16 Late Fee | 25 | | 3151.62 |
| | Chg | 06/08/2016 | LC | May'16 Late Fee | 25 | | 3176.62 |
| | Cr | 06/08/2016 | LC | Rev Mar'16 Late Fee | | -30.15 | 3146.47 |
| | Cr | 06/08/2016 | LC | Rev Apr'16 Late Fee | | -32.16 | 3114.31 |
| | Cr | 06/08/2016 | LC | Rev May'16 Late Fee | | -34.17 | 3080.14 |
| | Chg | 06/27/2016 | LC | LATE FEE | 25 | | 3105.14 |
| | Chg | 06/30/2016 | LI | LATE INTEREST | 46.58 | | 3151.72 |
| | Chg | 07/01/2016 | A1 | ASSOC.FEES - MONTH | 134 | | 3285.72 |

```
2018K060000
SANDY  WEGMAN
RECORDER - KANE COUNTY, IL

RECORDED: 12/14/2018 09:40 AM
REC FEE: 75.00   RHSPS FEE: 9.00
PAGES: 189
```

# Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Del Webb's Sun City

# Kane County Recording Cover Page

# Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Del Webb's Sun City

This Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Del Webb's Sun City (hereinafter referred to as "Declaration") and the Amended and Restated By-Laws of Sun City Community Association of Huntley, Inc. (hereinafter referred to as "By-Laws"), attached hereto as Exhibit "C", is recorded for the purpose of amending and restating the Declaration of Covenants, Conditions, and Restrictions for Del Webb's Sun City (hereinafter referred to as "Original Declaration"), which was recorded with the Recorder of Deeds of Kane County, Illinois on March 30, 1999 as Document No. 1999K032458 and with the Recorder of Deeds of McHenry County, Illinois on April 6, 1999 as Document No. 1999R0025408 and the By-Laws of Sun City Community Association of Huntley, Inc. (hereinafter referred to as "2014 By-Laws"), which were recorded with the Recorder of Deeds of Kane County, Illinois on April 29, 2014 as Document No. 2014K020097 and with the Recorder of Deeds of McHenry County, Illinois on April 29, 2014 as Document No. 2014R0013322, and all prior amendments to such documents. This Declaration and the By-Laws attached hereto as Exhibit "C" are made and entered into by the Board of Directors of Sun City Community Association of Huntley, Inc. in accordance with the provisions of Section 1-60(a) of the Illinois Common Interest Community Association Act (765 ILCS 160/1-60(a)), which provides that the Association may correct errors or omissions in the Original Declaration and 2014 By-Laws as may be required to conform to said Act and any other applicable statute by vote of two-thirds (2/3) of the members of the Board.

1

coverage on behalf of Owners, the premiums for such insurance shall be levied as a Benefitted Assessment against the benefitted Dwelling Unit and the Owner thereof pursuant to Section 8.7.

Each Owner further covenants and agrees that if the Owner is required to carry property insurance for his or her Dwelling Unit, in the event of damage to or destruction of structures on or compromising his or her Dwelling Unit, the Owner shall proceed promptly to repair or to reconstruct in a manner consistent with the original construction or such other plans and specifications as are approved in accordance with Article IX, regardless of whether the insurance proceeds are sufficient to pay the cost of such work. Alternatively, the Owner shall clear the Dwelling Unit and maintain the Dwelling Unit in a neat and attractive, landscaped condition consistent with the Community-Wide Standard. The Owner shall pay any costs which are not covered by insurance proceeds.

## ARTICLE VII

### ANNEXATION AND WITHDRAWAL OF PROPERTY

The Association may add real estate to the Properties pursuant to action approved by a vote of a majority of the votes represented by Voting Members present at a duly called annual or special meeting of the Members.

## ARTICLE VIII

### ASSESSMENTS

<u>Section 8.1:</u>    **Creation of Assessments**

The Association may levy assessments against each Dwelling Unit for Association expenses as the Board may specifically authorize from time to time. There shall be five (5) types of assessments: (a) Base Assessments to fund Common Expenses for the general benefit of all Dwelling Units; (b) Limited Common Area Assessments for Limited Common Area Expenses; (c) Neighborhood Assessments for Neighborhood Expenses benefiting only Dwelling Units within a particular Neighborhood; (d) Special Assessments; and (e) Benefitted Assessments. Each Owner, by accepting a deed or entering into a recorded contract of sale for any portion of the Properties, is deemed to covenant and agree to pay these assessments.

Assessments shall be paid in such manner and by such dates as the Board may establish. Unless the Board otherwise provides, the Base Assessment, any Limited Common Area Assessment and any Neighborhood Assessment for a Dwelling Unit shall be due and payable in advance on the first day of the Association's fiscal year. If any Owner is delinquent in paying any assessments

41

or other charges levied on his or her Dwelling Unit, the Board may require any unpaid installments of all outstanding assessments to be paid in full immediately.

The Association shall, upon request by an Owner, furnish to any Owner liable for any type of assessment a certificate in writing signed by an Association officer setting forth whether such assessment has been paid and any delinquent amount. Such certificate shall be conclusive evidence of payment. The Association may require the advance payment of a reasonable processing fee for the issuance of such certificate.

No Owner may exempt himself or herself from liability for assessments by non-use of Common Area or Neighborhood Facilities, abandonment of his or her Dwelling Unit, or any other means. The obligation to pay assessments is a separate and independent covenant on the part of each Owner. No diminution or abatement of assessments or set-off shall be claimed or allowed for any alleged failure of the Association or Board to take some action or perform some function required of it, or for inconvenience or discomfort arising from the making of repairs or improvements, or from any other action it takes.

<u>Section 8.2:</u>    **Computation of Base Assessment**

(a)    Not less than sixty (60) days before the beginning of each fiscal year, the Board shall prepare a budget covering the Common Expenses estimated to be incurred during the coming year. The budget shall include a capital contribution to establish a reserve fund in accordance with a budget separately prepared as provided in Section 8.5.

(b)    Each Member shall receive, by notice delivered in the same manner as a notice is provided to Members under Section 2.5 of the By-Laws, at least thirty (30) days but not more than sixty (60) days prior to the adoption thereof by the Board, a copy of the proposed annual budget together with an indication of which portions are intended for reserves, capital expenditures or repairs or payment of real estate taxes.

(c)    The Board shall provide all Members with a reasonably detailed summary of the receipts, Common Expenses, and reserves for the preceding budget year. The Board shall (i) make available for review to all Members an itemized accounting of the Common Expenses for the preceding year actually incurred or paid, together with an indication of which portions were for reserves, capital expenditures or repairs or payment of real estate taxes and with a tabulation of the amounts collected pursuant to the budget or assessment, and showing the net excess or deficit of income over expenditures plus reserves or (ii) provide a consolidated annual independent audit report of the financial status of all fund accounts within the Association.

43

(d) If an adopted budget or any separate assessment adopted by the Board would result in the sum of all regular and separate assessments payable in the current fiscal year exceeding one hundred and fifteen percent (115%) of the sum of all regular and separate assessments payable during the preceding fiscal year, the Association, upon written petition by Members holding twenty percent (20%) of the votes of the Association delivered to the Board within fourteen (14) days of the Board action, shall call a meeting of the Members within thirty (30) days of the date of delivery of the petition to consider the budget or separate assessment; unless a majority of the total votes of the Members are cast at the meeting to reject the budget or separate assessment, it shall be deemed ratified.

(e) If the total Common Expenses exceed the total amount of the approved and adopted budget, the Association shall disclose this variance to all its Members and specifically identify the subsequent assessments needed to offset this variance in future budgets.

(f) Separate assessments for expenditures relating to emergencies or mandated by law may be adopted by the Board without being subject to Member approval or the provisions of subsection (d) or (g) of this Section. As used herein, "emergency" means a danger to or a compromise of the structural integrity of the Common Areas or any of the Association facilities at the Properties. "Emergency" also includes a danger to the life, health or safety of the Membership.

(g) Assessments for additions and alterations to the Common Areas or to Association-owned property not included in the adopted annual budget, shall be separately assessed and are subject to approval of a simple majority of the total Members at a meeting called for that purpose.

(h) The Base Assessment shall be levied equally against all Dwelling Units subject to assessment and shall be set at a level which is reasonably expected to produce total income for the Association equal to the total budgeted Common Expenses, including contributions to reserves. In determining the level of assessments, the Board, in its discretion, may consider other sources of funds available to the Association.

(i) A budget and a proposed assessment may be disapproved at a meeting of the Members upon the vote of Voting Members representing at least a majority of the total Association vote. There shall be no obligation to call a meeting for the purpose of considering the budget and proposed assessment except on petition of the Voting Members as provided for special meetings in Section 2.4 of the By-Laws, which petition must be presented to the Board within thirty (30) days after notice of the proposed assessments. Notice of proposed assessments shall be posted in a prominent place within the Properties and included in the Association's

43

newsletter, if any. If the proposed budget is disapproved or the Board fails for any reason to determine the budget for any year, then and until such time as a budget shall have been determined as provided herein, the budget in effect for the immediately preceding year shall continue for the current year.

Section 8.3:    **Computation of Neighborhood Assessments**

At least sixty (60) days before the beginning of each fiscal year, the Board, in consultation with the Neighborhood Committee, shall prepare a separate budget covering the estimated Neighborhood Expenses for each Neighborhood on whose behalf Neighborhood Expenses are expected to be incurred during the coming year. The Board shall be entitled to set such budget only to the extent that (a) the Governing Documents specifically authorize the Board to assess certain costs as a Neighborhood Expense, or (b) the Association expects to incur expenses to provide additional services for a Neighborhood. Any Neighborhood Committee may request that additional services or a higher level of services be provided by the Association to the Neighborhood, and in such case, any additional costs shall be added to the Neighborhood budget. Such budget shall include any capital contribution establishing a reserve fund for repair and replacement of capital items maintained as a Neighborhood Expense, if any, within the Neighborhood.

Neighborhood Expenses shall be allocated equally among all Dwelling Units within the Neighborhood benefitted thereby and levied as a Neighborhood Assessment. If specified in the Supplemental Declaration applicable to such Neighborhood or if so directed by petition signed by the Owners of a majority of the Dwelling Units within the Neighborhood, any portion of the assessment intended for exterior maintenance of structures, insurance on Dwelling Units or other structures, or replacement reserves which pertain to particular structures shall be levied on each of the benefitted Dwelling Units in proportion to the benefit received. Such proportion shall be specified in the Supplemental Declaration applicable to such Neighborhood, or if not so specified, shall be approved by the Owners of a majority of the Dwelling Units within the Neighborhood.

Portions of a budget and proposed assessment for a Neighborhood may be disapproved by a majority vote of the Voting Members who represent Dwelling Units in the Neighborhood for which the Neighborhood budget applies, as provided in this paragraph. There shall be no obligation to call a meeting for the purpose of considering the Neighborhood budget except on petition of Voting Members representing at least ten percent (10%) of votes in such Neighborhood, which petition must be presented to the Board within thirty (30) days after notice of the proposed Neighborhood Assessments. Notice of Neighborhood Assessment shall be provided as set forth in Section 8.2. The right to disapprove a portion of a budget and proposed assessment provided for herein shall apply

44

only to those line items in the Neighborhood budget which are attributable to services requested by Owners within the Neighborhood. In the event the Owners within any Neighborhood disapprove any line item of a Neighborhood budget, the Association shall not be obligated to provide the services anticipated to be funded by such line item of the budget. If the Board fails for any reason to determine the Neighborhood budget for any year, then and until such time as such budget shall have been determined as provided herein, the Neighborhood budget in effect for the immediately preceding year shall continue for the current year.

Section 8.4:         **Computation of Limited Common Area Assessment**

At least sixty (60) days before the beginning of each fiscal year, the Board shall prepare a separate budget covering the estimated Limited Common Area Expenses for each Limited Common Area on whose behalf Limited Common Area Expenses are expected to be incurred during the coming year. The Board shall be entitled to set such budget only to the extent that (a) the Governing Documents specifically authorize the Board to assess certain costs as a Limited Common Area Expense, or (b) the Association expects to incur expenses to provide additional services for such Limited Common Area. Such budget shall include a capital contribution establishing a reserve fund for repair and replacement of capital items maintained as a Limited Common Area Expense, if any.

Limited Common Area Expenses shall be allocated equally among all Dwelling Units benefitted thereby.

Notice of each Limited Common Area Expense shall be given as provided in Section 8.2. If the Board fails for any reason to determine the budget for any year, then until such time as a budget is determined, the budget in effect for the immediately preceding year shall continue for the current year.

Section 8.5:         **Reserve Budget and Capital Contribution**

The Board shall annually prepare reserve budgets for both general and Neighborhood purposes which take into account the number and nature of replaceable assets within the Area of Common Responsibility, the expected life of each asset, and the expected repair or replacement cost. Such reserve budgets may also anticipate making additional capital improvements and purchasing additional capital assets. The Board shall include in Base Assessments, Limited Common Area Assessments and Neighborhood Assessments reserve contributions in amounts sufficient to meet these projected needs. So long as the Board exercises business judgment in determining an adequate amount of reserves, the amount of the reserve fund shall be considered adequate.

45

The Board may adopt resolutions regarding the expenditure of reserve funds, including policies designating the nature of assets for which reserve funds may be expended. Such policies may differ for general Association purposes, for Limited Common Area and for each Neighborhood.

Section 8.6:      **Special Assessments**

In addition to other authorized assessments, subject as provided below, the Board may levy Special Assessments from time to time to cover unbudgeted expenses or expenses in excess of those budgeted, including unbudgeted capital expenditures. Any such Special Assessment may be levied against all Dwelling Units, if such Special Assessment is for Common Expenses, against Dwelling Units which have the right to use Limited Common Area, if such Special Assessment is for Limited Common Area Expenses or against the Dwelling Units within a Neighborhood if such Special Assessment is for Neighborhood Expenses. Special Assessments shall be payable in such manner and at such times as determined by the Board, and may be payable in installments extending beyond the fiscal year in which the Special Assessment is approved. Such Special Assessments shall become effective unless (a) disapproved at a meeting of the Owners by the vote of Voting Members representing at least two-thirds (2/3) of the total votes allocated to Dwelling Units which will be subject to such Special Assessment, or (b) if one of the provisions of Section 8.2 of this Declaration related to separate assessments apply.

There shall be no obligation to call a meeting for the purpose of considering Special Assessments except on petition of the Voting Members or Owners as provided for special meetings in Section 2.4 of the By-Laws, which petition must be presented to the Board within thirty (30) days after notice of the Special Assessment, or as provided for in Section 8.2 of this Declaration. Notice of Special Assessment shall be provided as set forth in Section 8.2. A Special Assessment may be payable in installments extending beyond the fiscal year in which the Special Assessment is approved.

Section 8.7:      **Benefitted Assessments**

The Board may levy "Benefitted Assessments" against particular Dwelling Units for expenses incurred or to be incurred by the Association, as follows:

(a)    to cover the costs, including overhead and administrative costs, of providing benefits, items, Special Services or Optional Services to the Dwelling Unit or Residents thereof, which assessments may be levied in advance of the provision of the requested benefit, item or service as a deposit against charges to be incurred by the Owner; and

(b)    to cover costs incurred in bringing a Dwelling Unit or Dwelling Units into compliance with terms of the Governing Documents, or costs incurred as

46

a consequence of the conduct of the Owner or Residents of the Dwelling Unit, their agents, contractors, employees, licensees, invitees, or guests; provided, the Board shall give the Dwelling Unit Owner prior written notice and an opportunity for a hearing, in accordance with the By-Laws, before levying any Benefitted Assessment under this subsection (b).

Section 8.8:    **Creation of Lien and Personal Obligation**

The Declarant for each Dwelling Unit covenanted, and each Owner of a Dwelling Unit by acceptance of a deed therefor (whether or not it shall be so expressed in any such deed or other conveyance) shall be and is deemed to covenant and hereby agrees to pay to the Association all Charges made with respect to the Owner or the Owner's Dwelling Unit. Each Charge, together with interest thereon, late charges, and reasonable costs of collection (including attorney's fees), if any, as hereinafter provided, shall be a continuing lien upon the Dwelling Unit against which such Charge is made and also shall be the personal obligation of the Owner of the Dwelling Unit at the time when the Charge becomes due. The lien or personal obligation created under this Section shall be in favor of and shall be enforceable by the Association.

Section 8.9:    **Non-Payment of Charges**

Any Charge which is not paid to the Association when due shall be deemed delinquent. Any Charge which is delinquent for thirty (30) days or more shall bear interest at eighteen percent (18%) or less, if required by law, per annum from the due date to the date when paid and the Association may assess a reasonable late fee and may (i) bring an action against the Owner personally obligated to pay the Charge to recover the Charge (together with interest, late fees, costs and reasonable attorney's fees for any such action, which shall be added to the amount of the Charge and included in any judgment rendered in such action), and (ii) enforce and foreclose any lien which it has or which may exist for its benefit.

Section 8.10:    **Lien for Charges Subordinated to Mortgages**

The lien for a Charge, provided for in Section 8.8, shall be subordinate to a Mortgage on the Dwelling Unit which was recorded prior to the date that the lien for any such Charge attached. Except as hereinafter provided, the lien for Charges, provided for in Section 8.8, shall not be affected by any sale or transfer of a Dwelling Unit. Where title to a Dwelling Unit is transferred pursuant to a decree of foreclosure of the Mortgage or by deed or assignment in lieu of foreclosure of the Mortgage, such transfer of title shall extinguish the lien for unpaid Charges which became due prior to the date of the transfer of title. However, the transferee of the Dwelling Unit shall be personally liable for his or her share of the Charges with respect to which a lien against his or her Dwelling Unit has been extinguished pursuant to the preceding sentence where such

Charges are reallocated among all the Owners pursuant to a subsequently adopted annual or revised Base Assessment, Limited Common Area Assessment, Neighborhood Assessment, Benefitted Assessment, Special Assessment, and non-payment thereof shall result in a lien against the transferee's Dwelling Unit, as provided in this Article.

Section 8.11:     **Failure to Assess**

Failure of the Board to fix assessment amounts or rates or to post, deliver or mail each Owner an assessment notice shall not be deemed to be a waiver, modification, or release of any Owner from the obligation to pay assessments. In such event, each Owner shall continue to pay Base Assessments, Limited Common Area Assessments, Neighborhood Assessments and Benefitted Assessments on the same basis as during the last year for which an assessment was made, if any, until a new assessment is levied, at which time the Association may retroactively assess any shortfalls in collections.

Section 8.12:     **Exempt Property**

The following property shall be exempt from payment of Base Assessments, Limited Common Area Assessments, Neighborhood Assessments, Benefitted Assessments and Special Assessments:

(a)  All Common Area and Neighborhood Facilities and such portions of the property owned by Declarant as are included in the Area of Common Responsibility pursuant to Section 5.1; and

(b)  Any property dedicated to and accepted by any governmental authority or public utility.

In addition, the Association shall have the right, but not the obligation, to grant exemptions to certain Persons qualifying for Section 501(c) status under the Internal Revenue Code so long as such Persons own property subject to this Declaration for purposes listed in Section 501(c).

Section 8.13:     **Utility Costs Billed to Owners**

Certain utility charges incurred in connection with the use, operation and maintenance of the Common Area or a Neighborhood Facility may not be separately metered to the Common Area or a Neighborhood Facility. If such charges are metered to an individual Dwelling Unit rather than being separately metered for the Common Area or a Neighborhood Facility, then the following shall apply:

48